SR 8832

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:  NEW YORK CITY ASBESTOS LITIGATION
-------------------------------------------------------------------x

LEON N. TERRANO,

                       Plaintiff,

   - against -

FOSTER WHEELER LLC, et al.,

                 Defendants.

-------------------------------------------------------------------x

**PLAINTIFF'S AFFIRMATION
IN SUPPORT OF HIS
MOTION TO REMAND**

Civil Action No. 08-CV-4684 (CM)

      **STEPHEN J. RIEGEL,** an attorney duly admitted to practice law in this Court and the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

      1.  I am associated with the law firm of Weitz & Luxenberg, P.C., attorneys for Plaintiff Leon N. Terrano, and as such am fully familiar with all prior pleadings and proceedings here and in the court below.

      2.  I make this affirmation in support of Plaintiff's motion to remand this case to New York Supreme Court, after it was removed to this Court by Defendant Foster Wheeler LLC. on or about May 19, 2008.

      3.  Appended at Exhibit 1 hereto is a copy of Plaintiff's mailing consisting of a cover letter of Weitz & Luxenberg, dated April 10, 2008, enclosing Plaintiff's Responses To Defendant's Fourth Amended Standard Set of Interrogatories and Request For Production of

Documents, dated April 10, 2008, his Summons and Complaint, and the Service Rider in this case.

    4.   Appended at Exhibit 2 hereto is a copy of Foster Wheeler LLC's Notice of Removal, dated May 19, 2008, without Exhibits, in this case.

    5.   Appended at Exhibit 3 hereto is a copy of the stamped Weitz & Luxenberg April 10 cover letter, which appears at Exhibit B to Foster Wheeler's Notice of Removal.

    6.   Appended at Exhibit 4 hereto is a copy of a letter of Michael A. Tanenbaum, Esq. of Sedgwick, Detert, Moran & Arnold LLP to Your Honor, dated May 20, 2008, with enclosures.

Dated:  New York, N.Y.
        June 2, 2008

                              _____
                              Stephen J. Riegel

2

# EXHIBIT 1

# W E I T Z

&

# L U X E N B E R G

A   P R O F E S S I O N A L   C O R P O R A T I O N

• L A W   O F F I C E S •

180 MAIDEN LANE • NEW YORK, N.Y. 10038-4925
TEL. 212-558-5500         FAX 212-344-5461
WWW.WEITZLUX.COM

PERRY WEITZ
ARTHUR M. LUXENBERG

ROBERT J. GORDON ††

EDWARD S. BOSEK
AMBRE J. BRANDIS
EDWARD BRANIFF ††
JOHN M. BROADDUS *
DANIEL C. BURKE
PATTI BURNETYN ††
LISA NATHANSON BUSCH
DAVID A. CHANDLER
EILEEN CLARKE
THOMAS COMERFORD ††
ADAM R. COOPER
TERESA A. CURTIN ‡‡
BENJAMIN DARCHE

CHARLES M. FERGUSON
STEVEN J. GERMAN ‡
LAWRENCE GOLDHIRSCH ** ‡‡
ROBIN L. GREENWALD * **
EDWARD J. HAHN ‡
MARIE L. IANNIELLO ‡†
ERIK JACOBS
GARY R. KLEIN ††
GLENN KRAMER ‡‡
JERRY KRISTAL ** §
DEBRA LANDAU
JAMES O. LONG, JR. **
CURT D. MARSHALL ‡

HADLEY L. MATARAZZO ††
RICHARD S. McGOWAN * ‡‡ ‡
KEITH M. O'CONNOR
MICHAEL E. PEDERSON
PAUL J. PENNOCK ‡
STUART S. PERRY *
ELLEN RELKIN * Δ
STEPHEN J. RIEGEL ††
MICHAEL P. ROBERTS
CHRIS ROMANELLI ††
DAVID ROSENBAND
JIM R. ROSS ◊
JESSICA B. RUSSELL

SHELDON SILVER *
FRANKLIN P. SOLOMON ¶
LEMUEL M. SROLOVIC
JAMES S. THOMPSON ††
DOUGLAS D. von OISTE ‡
WILLIAM A. WALSH ††
JOSEPH P. WILLIAMS
NICHOLAS WISE
ALLAN ZELIKOVIC
GLENN ZUCKERMAN

* Of Counsel
‡ Also admitted in CT
§ Also admitted in FL
‡‡ Also admitted in MA
†† Also admitted in NJ
‡ Also admitted in DC
‡ Also admitted in NJ and CT
* Also admitted in NJ and PA
Δ Also admitted in NJ and DC
ΔΔ Also admitted in NJ and ME
** Also admitted in DC and TX
◊ Also admitted in DC, VA
§ Admitted only in NJ and PA
¶ Admitted only in NJ
◊ Admitted only in DC, MD, PA and VA
* Admitted only in CO
* Admitted only in IL
◊ Admitted only in TX

April 10, 2008

*BY Mail*

Re:  NYAL: Application to the November 2008 *In Extremis* Trial Group

Dear Counsel:

**Leon N. Terrano**        **Index No.  105079-08**        **Lung Cancer**

Enclosed, please find Plaintiff's Responses to Interrogatories and Summons & Complaint for the above.  Diagnosing medicals will be provided shortly.

Please do not hesitate to contact me with any questions or comments you may have at 212-558-5803

Respectfully submitted

Ryne Duchmann
Paralegal

215 South Monarch Street, Suite 202
Aspen, CO 81611
(970) 925-6101

210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
(856) 755-1115

76 South Orange Avenue, Suite 305
South Orange, NJ 07079
(973) 761-8995

100 E. 15th Street, Suite 400
Fort Worth, Texas 76102
(817) 885-7815

2179-123

SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK STATE
-------------------------------------x
ASBESTOS
In Re:      NEW YORK CITY                        Index No.:105079-08
            ASBESTOS LITIGATION
-------------------------------------x
This Document Applies To:


            Leon Terrano


-------------------------------------x

### PLAINTIFF'S RESPONSES TO
### DEFENDANT'S FOURTH AMENDED STANDARD SET OF INTERROGATORIES
### AND REQUEST FOR PRODUCTION OF DOCUMENTS

        Defendants, pursuant to CPLR 3130 and in accordance with Section
VIII(A)(1)(b) of the February 19, 2003 Amended Case Management Order ("CMO"),
propound the following interrogatories to plaintiffs, to be answered under oath
within the time period specified by the CMO, and, pursuant to CPLR 3120 and in
accordance with Section VIII (B)(2)(b) of the CMO, request that plaintiffs
produce (with copies to each defendant) such documents within the time period
specified by the CMO.
        These interrogatories are continuing in character and require you to file
supplementary answers if you obtain further or different information after
serving your initial answers and before trial, including in such supplemental
answers the date upon and the manner in which such further or different
information came to your attention.


### EXPLANATION AND DEFINITIONS


        This document constitutes both interrogatories and a request for
production of documents. The documents to be produced are in each instance
identified by responses to the interrogatories contained herein. Hence, for
the convenience of the plaintiffs, and to prevent the need for duplicative
answers, these interrogatories and this request for production of documents
are being propounded concurrently.

        As used in these interrogatories and document requests, the terms listed
below are defined as follows. Under no circumstances should any of the terms
defined below (or any instructions set forth below) be read or interpreted as
a waiver of any applicable privilege under the CPLR, including but not limited
to the attorney-client and work product privileges.

        A.      "You," "Your," "Yourself," "Plaintiff," or "Plaintiffs" means
plaintiff and all other persons acting or purporting to act on his or her

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

behalf, other than his or her attorney.

B.    "Defendants," unless otherwise specified, means any defendant named as a party to this action as well as any predecessors in interest to any named defendants, and all other subsidiaries or divisions of any named defendants, and any Bankrupt Entity (see Exhibit A attached).

C.    "Bankrupt Entity" means any company or other entity (including parent and subsidiary companies, predecessors and successors in interest) who is a party or non-party potential tortfeasor whose Asbestos-Containing Product or Material may have contributed in any manner to plaintiff's or to plaintiff's decedent's exposure to asbestos and has filed for protection from creditors under Chapter 11 of the U.S. Bankruptcy Code. Bankrupt Entity shall include all trusts established or currently contemplated pursuant to Chapter 11 of the U.S. Bankruptcy Code, any administrative or claims processing organization established thereto, the unsecured creditors committees, the trustee in any such proceeding, and any submissions to or declarations of the bankruptcy court. Bankrupt Entity shall include all entities, without limitation, listed on Exhibit A, which list may be supplemented from time-to-time, as necessary.

D.    "Claim against Bankrupt Entity" includes, but is not limited to, any actual or stayed legal action, any proof of claim, trust claim, claims resolution, arbitration claim, liquidated claim, unliquidated claim; demand for payment, for remedy, of liability; demand reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, equitable, secured or unsecured, toxic personal injury claims, personal injury trust claims, or any kind of claim for payment of which you have filed against Bankrupt Entities or their parent companies, successor companies or subsidiary companies.

E.    "Asbestos-Containing Product or Material" shall mean any product or material containing asbestos without regard to whether plaintiff seeks damages or other relief with respect to that product or material.  The same definition shall apply to "Asbestos-Containing Product" and to "Asbestos-Containing Material."

F.    "Document" or "documents" means any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies otherwise), as well as, without limitation, correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guarantees, summaries, pamphlets, books, prospectuses, intraoffice and interoffice communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, motion pictures, video tapes, computer printouts, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or aural records or representations of any kind of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

G.    "Possession," "custody," or "control" includes the joint or several possession, custody or control not only by the person or persons to whom these interrogatories and requests are addressed, but also the joint or several possession, custody or control by each or any other person acting or purporting to act on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesperson, or otherwise. This definition does not include documents in the "possession," "custody," or "control" of plaintiff's attorney unless such documents were provided by plaintiff to his/her attorney and are not privileged.

H.    "Relate," "Refer," "Pertain," and "Concern" means support, evidence, describe, comprise, constitute, analyze, discuss, report or comment on, inquiring about, setting forth, explaining, considering, referring to, relating to pertaining to or mentioning in whole or in part.

I.    "Person" means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association separately identifiable, whether or not such association has a separate juristic existence in its own right.

J.    "Identify," "identity," and "identification," when used to refer to an entity other than a natural person, means to state its full name, the present or last known address of its principal office or place of doing business, and the type of entity (e.g., corporation, partnership, unincorporated association).

K.    "Identify," "identity," and "identification," when used to refer to a natural person, means to state the following:

(1)    the person's full name and present or last known home address, home telephone number, business address and business telephone number;

(2)    the person's present title and employer or other business affiliation;

(3)    the person's home address, home telephone number, business address and business telephone number at the time of the actions at which each interrogatory is directed; and

(4)    the person's employer and title at the time of the actions at which each interrogatory is directed.

L.    "Identify," "identity," and "identification," when used to refer to a document, means to state the following:

(1)    the subject of the document;
(2)    the title of the document;
(3)    the type of document (e.g., letter, memorandum, telegraph, chart);
(4)    the date of the document, or, if the specific date thereof is unknown, the month and year or other best approximation of such date;
(5)    the identity of the person or persons who wrote, contributed

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Page 3 of  28

to, prepared or originated such document; and

    (6)   the present or last known location and custodian of the document.

    M.   "His" means him and/or her and "he" means he and/or she.

    N.   "Physician" includes doctors, nurses, other health care providers or practitioners of healing arts.

    O.   "Medical condition" means any condition for which you are making a claim, including any asbestos-related disease, any pre-existing condition, or any condition allegedly brought about by an asbestos-related disease, including, but not limited to physical or mental illness, disease or injury.

## INSTRUCTIONS

    A.   With respect to each interrogatory, in addition to supplying the information asked for and/or identifying the specific documents referred to, identify all documents which were referred to in preparing your answer thereto.

    B.   If any document identified in an answer to an interrogatory was, but is no longer, in your possession or subject to your custody or control, or was known to you but is no longer in existence, state what disposition was made of it or what became of it.

    C.   If any document is withheld from production hereunder on the basis of a claim of privilege or otherwise, identify each such document and the grounds upon which its production is being withheld.

    D.   A release for a record retrieval service to obtain from the Social Security Administration a record of plaintiff's employment and earnings history should be signed by plaintiff (or the person with proper authority). A separate release for each workers' compensation claim file referred to in these interrogatories should be signed by plaintiff (or the person with proper authority) and returned to the record retrieval service. A separate authorization for a record retrieval service to obtain plaintiff's employment records from each employer identified or referred to in these interrogatories should be signed by the plaintiff (or the person with proper authority). A separate authorization for a record retrieval service to obtain plaintiff's medical records, radiographs and pathology materials from each health care provider and each hospital or medical facility identified or referred to in these interrogatories should be signed by the plaintiff (or the person with property authority). An authorization for a record retrieval service to obtain plaintiff's income tax returns from the Internal Revenue Service for the past ten years should be signed by the plaintiff (or the person with proper authority).

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

E.    You are requested to furnish all information in your possession and all information available to you, not merely such information as you possess of your own personal knowledge but also all knowledge that is available to you, your representatives, attorneys, physicians and other agents, by reason of inquiry, including inquiry of their representatives. Where a response to the following interrogatories sets forth information that is not based upon your own personal knowledge, but rather upon the knowledge of your representatives and other agents, you should so indicate in your response to that interrogatory.

F.    Each interrogatory includes, but is not limited to, requests for information that relate to Bankrupt Entities.

G.    Documents produced which have been submitted in connection with a claim against a Bankrupt Entity and are not otherwise obtainable independently from a Bankrupt Entity are presumptively confidential and may not be disclosed other than to counsel, a party, the court or an expert in this action without consent of the Court. Nothing in these instructions precludes offering these documents as evidence at trial should the documents be ruled admissible by the Court. To the extent any such documents are submitted to the Court, they should be submitted in a manner that will protect their confidential status.

H.    Any portion of any document produced which indicates an amount demanded, offered or accepted in settlement shall be redacted to prevent disclosure of same.

Plaintiffs reserve their right to supplement any portion of these interrogatories. In addition, plaintiffs respond to defendants' standard interrogatories without conceding relevancy, materiality or admissibility.

## PRELIMINARY STATEMENT AND OBJECTIONS

Plaintiff, by and through her attorneys objects to Defendants' Fourth Amended Standard Set Of Interrogatories And Request For Production Of Documents, as well as the Explanation and Definitions and Instructions contained therein ("Interrogatories"), to the extent that they seek to impose upon plaintiff obligations or burdens which are greater than, or inconsistent with New York law.

Plaintiff further objects to these Interrogatories and to each individual request and/or interrogatory, to the extent that they seek information or request the production of documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and any other applicable privilege or doctrine protecting such documents from disclosure. The production of any document prepared by the plaintiff's attorneys is not a waiver of any privilege. The inclusion of or reference to any attorney's name on any responses is not a waiver of any privilege. Moreover, the documents produced are confidential and may not be disclosed other than to counsel, a party, the court or an expert in this action without order of the Court. Plaintiff, by providing documents in response to these Interrogatories specifically does not admit the competency, relevancy, materiality, privilege and/or admissibility of such document or of the information or subject matter.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

Plaintiff has not completed investigating the facts relating to her case, has not completed her discovery, and has not completed preparing her case. Therefore, these responses are preliminary and without prejudice to plaintiff's right to discover and/or produce evidence of additional facts and/or additional evidence of existing facts. Plaintiff has made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of these Interrogatories.

Plaintiff objects to the Interrogatories, and to each individual request and/or interrogatory, to the extent that they seek information that is not within plaintiff's own first-hand knowledge or request the production of documents that are not within plaintiff's possession, custody or control.

Plaintiff further objects to the Interrogatories as overly broad and burdensome and demanding an investigation into matters which are neither relevant to these proceeding nor designed to lead to the discovery of evidence relevant to these proceedings.

Plaintiff does not waive and specifically preserves the following objections:

1.  Any and all objections to the competency, relevancy, materiality, privilege and admissibility of the information or the subject matter thereof, as evidence for any purpose and any proceeding in this action (including trial) and in other actions.

2.  The right to object on any grounds at any time to demand for further responses or further documents to these or any other discovery requests or other discovery proceedings involved or related to the subject matter of the discovery to which information or documents are provided; and,

3.  The right at any time to review, correct, add to, supplement or clarify any of these responses.

These objections are incorporated by reference into any amendment and/or supplement to these interrogatories. Moreover, each of these objections is incorporated by reference into to each specific response without regard to whether an additional objection is made in such response.

Subject to these objections and reservations, plaintiff, by and through her attorneys responds as follows:

### INTERROGATORY ANSWERS
### For
### LEON TERRANO

1Q.   State the following:
      (a)   your full name, and all other names by which you have been known;
      (b)   age, and date and place of birth;
      (c)   whether you were an adopted child;

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

(d)  present marital status, date of current marriage, spouse's
     maiden name, date of any prior marriages and the names of
     any prior spouses, if applicable
(e)  present home address; and
(f)  social security number.

1A.  (a)  Leon Terrano;
     (b)  79,01/10/1929, Corona, Queens, NY;
     (c)  Birth;
     (d)  Married,05/07/55,Carol Baker;
     (e)  6007 50th Avenue, Woodside, NY 11377;
     (f)  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.

2Q.  State the following with regard to your father and mother:
     (a)  names;
     (b)  current address (if deceased, state last known address);
     (c)  the current condition of each one's health, including any
          specific medical problems. If either of your parents are
          deceased, please state for each deceased parent:
               i.    specific physical problems;
               ii.   date and place of death;
               iii.  age and cause of death for each parent.

2A.  (a)  Father: Nicholas Terrano;
     (b)  3117 Coach Place, East Elmhurst, NY;
     (c)  Deceased
          i.    None;
          ii.   06/48, East Elmhurst;
          iii.  55, Cardiac Arrest.

     (a)  Mother: Cecelia Terrano;
     (b)  19808 53rd avenue, Flushing, NY;
     (c)  Deceased
          i.    Diabetic;
          ii.   01/10/82, Flushing, NY;
          iii.  80, internal bleeding.

3Q.  State the following with regard to each of your children:
     (a)  full name;
     (b)  the date of birth;
     (c)  sex;
     (d)  current address (if deceased, state the last known address)
     (e)  social security number;
     (f)  whether birth child or adopted child;
     (g)  current state of each one's health. If any of your children
          are deceased, state for each deceased child:
               i.    specific physical problems;
               ii.   date and place of death; and
               iii.  age and cause of death for each child.

3A.  (a)  Leon Terrano;

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

(b)    08/25/56;
(c)    Male;
(d)    232 87th avenue, Bellerose, NY 11427;
(e)    Unknown;
(f)    Birth;
(g)    Good.


(a)    Stephen Terrano;
(b)    05/20/58;
(c)    Male;
(d)    505 Pacing Way, Westbury, NY 11590;
(e)    Unknown;
(f)    Birth;
(g)    Good.

(a)    David Terrano;
(b)    03/28/63;
(c)    Male;
(d)    6007 50th Avenue, Woodside, NY 11377;
(e)    Unknown;
(f)    Birth;
(g)    Good

(a)    Vincent Terrano;
(b)    11/28/1969;
(c)    Male;
(d)    6080 60th avenue, Maspeth, NY 11378;
(e)    Unknown;
(f)    Birth;
(g)    Good

4Q.    State the complete address of all places you have resided since birth giving the inclusive dates of residence for each place named and as to each state:
         (a)    fuel used for heating and cooking;
         (b)    significant home improvements (e.g., additions, reinsulation, re-wiring, etc.);
         (c)    number of family units co-occupying said structure.

4A.    1962 to Present    6007 50th Avenue, Woodside, NY 11377;

                        (a) Heating: Gas, Cooking, Gas;
                        (b) No;
                        (c) 3 person home.

         1955 to 1962    4837 47th street, Woodside, NY 11377;
                        (a) Heating: Oil, Cooking: Gas;
                        (b) No;
                        (c) 4 person Apt.

1952 to 1955          3117 Couch Place, East Elmhurst, NY 11369;

    (a) Heating: Oil; Cooking: Gas;
    (b) No;
    (c) 8 Person Home.

1929 to 1952          3320 102nd Street, Corona, Queens, 11368;
    (a) Heating: Coal; Cooking: Gas
    (b) Unknown;
    (c) 10-12 Person Home.

5Q.   For every physician or other health care provider who ever tested, treated, consulted with or examined you up to and including the present date, for any reason whatsoever, please state the following separately as to each:

  (a)   name and address of physician or health care provider and, if ongoing, the approximate frequency of said treatment and services;
  (b)   date(s) of test, examination and/or treatment;
  (c)   symptoms complained of at the time, if any;
  (d)   any diagnosis made;
  (e)   treatment or examination given and reason for treatment or examination; and
  (f)   any drugs or medications prescribed.

5A.   Although it is possible that the plaintiff consulted other doctors, nurses and health care providers, at the present time, plaintiff is aware of the following doctors and treatment rendered:

(a)   (1995 to Present) Robert Lombardo, 169 E. 78th Street, Primary Care.
(b-f) See medical records.

(a)   (2006 to Present) Marc Nolan, 90 East End Avenue, NY 10028, Cardiologist.
(b-f) See medical records.

(a)   (March 2008) Dr. Goldstone, 125 East 74th Street, NY 10021, Oncologist.
(b-f) See medical records.

(a)   (March 2008) Dr. Rogers, Pulmonologist, 63rd St. and Park Avenue, NY 10068.
(b-f) See medical records.

(a)   (March 24th to Present) Dr. Harry Raftopoulos, 450 Lakeville Road, Lake Success, NY, 11042, Oncologist.
(b-f) See medical records.

(a)   (March 20th to 2008) Dr. Dillon, Radiology Pathologist.

6Q.   For every hospital, clinic or health care institution in which you have ever been admitted, treated, tested, or examined, whether as an "in-patient" or as an "out-patient," please state the following for each such visit:

    (a)   name and address of the facility;
    (b)   dates and description of test, treatment, examination or hospitalization and, if ongoing, the approximate frequency of said treatment and services; and
    (c)   reason for visit to the facility.

6A.   Although it is possible that plaintiff may have been treated or examined in other institutions, at the present time plaintiff is aware of the following institutions and treatment rendered:

    (a)   2008 Monter Cancer Center, 450 Lakeville Road, Lake Success, NY, 11042;
    (b)   See medical records;
    (c)   Chemotherapy.

    (a)   2007, Lennox Hill, 100 E 77th Street, New York, NY 10021;
    (b)   See medical records;
    (c)   Unknown.

    (a)   1999, Columbia Presybeterian, 630 West 168th Street, New York, NY 10032;
    (b)   See medical records;
    (c)   Carotid Endorectomy.

    (a)   1998, St. Luke's Hospital, 1090 Amsterdam Avenue, New York, NY 10025;
    (b)   See medical records;
    (c)   Stroke.

    (a)   1997, Lennox Hill, 100 E 77th Street, New York, NY 10021;
    (b)   See medical records;
    (c)   Appendectomy.

    (a)   1981, Boulevard Hospital, 56-45 Main Street, Flushing, NY 11355;
    (b)   See medical records;
    (c)   Heart attack.

7Q.   State each of your asbestos-related injuries and/or diseases, describe the nature of those symptoms that you contend are related to your asbestos-related condition(s), and state the date when you first experienced each such symptom and the date of diagnosis and the name of any diagnosing physician and, if different, indicate the date you first became aware of the diagnosis.

LAW OFFICES OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Page 10 of  28

7A.    Plaintiff was diagnosed with Lung Cancer in March of 2008. At various and numerous times, plaintiff has experienced a variety of different and differing symptoms related to his injury which are numerous and frequent.

8Q.    Describe any pain, incapacity, inability to lead a normal life, inability to work, or disability (including retirement) alleged to have resulted from your medical conditions), including the date and basis therefore.

8A.    Since his diagnosis with Lung Cancer, plaintiff has experienced increasing shortness of breath, fear of cancer, mental and emotional distress, and inconvenience. Plaintiff's asbestos-related condition has disrupted his life, limiting him in his everyday activities and interfered with his living a normal life.

9Q.    Have you ever had any biopsies or tissue samples taken?  If so, please state for each such procedure:

      (a)    the name of the physician performing such procedure;

      (b)    the address where such procedure was performed;

      (c)    the date when such procedure was performed; and

      (d)    the results, conclusions, and/or diagnosis arising from such procedure.

9A.    (a-d) Plaintiff has had biopsies and/or tissue samples taken at hospitals, but the medical records may or may not reflect other locations. See answers 5 and 6 and medical records.

10Q.   Have you ever had any chest x-rays, CT Scans and/or pulmonary function tests?  If so, state:

      (a)    the dates and places;

      (b)    the reasons;

      (c)    the results and/or diagnosis resulting therefrom;

      (d)    the location of all chest X-ray films and CT Scans; and provide appropriate authorization to obtain all X-rays, CT Scans and pulmonary function tests.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

10A.  Plaintiff has had chest x-rays, CT Scans, and pulmonary function tests performed at various locations but the medical records may or may not reflect other locations. See answers 5 and 6 and medical records.

11Q.  Have you ever been exposed to, used, inhaled or ingested any of the following substances on a regular basis or at work.  If so, state the date(s), place(s), and circumstances thereof.

| | | |
|---|---|---|
| | | VII.  arsenic |
| V.  acids | VI.  aluminum | X.  butanol |
| VIII. barium | IX.  beryllium | XIII. chloroethylene |
| XI.  cadmium | XII.  Carborundum | XVI.  chromite |
| XIV. chlorine | XV.  chromate | XIX.  coal tar |
| XVII. chromium | XVIII.coal dust (coal) | XXII. ethanol |
| XX.  cotton dust | XXI.  epoxy | XXV.  isocyanates |
| XXIII.grinding dust | XXIV. iron | XXVIII. live chickens |
| XXVI. isopropanol | XXVII. lead | XXXI.nitrogen dioxide |
| XXIX. manganese | XXX. nickel | XXXIV.petroleum distillates |
| XXXII. nuclear radiation | XXXIII.ozone | XXXVII. silica |
| XXXV. phosgene | XXXVI. radiation | XL. welding smoke or fumes |
| XXXVIII. titanium | XXXIX.toluene | |
| XLI. zylene | XLII. zinc. | |

11A.  At various times during his employment but not necessarily on a regular basis, Plaintiff may have been unknowingly exposed to some of these substances.

12Q.  Do you use or have you ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, from birth to the present time?  If so, state the following:

    (a)  the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco);

    (b)  the dates during which you used each such product;

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Page 12 of  28

(c)    the amount of the product used per day, during each period of time (e.g., 2 packs of cigarettes per day);

(d)    whether you have ever been told by a physician that you are or were suffering from any disease or illness caused by or contributed to by tobacco; and

(e)    whether you were ever advised by any physician or any other person that use of tobacco products could adversely affect your health and whether you were ever advised to stop using tobacco products, and if so, identify each physician or person who gave you any such advice, the dates on which the advice was given, and state exactly what, if anything, you did in response to that advice.

12A.    (a) Camels, non-filtered; True, filtered,

(b) 05/1947-05/1952;05/1958-1981;

(c) 1 pack a day;

(d) No. Plaintiff was never told by a physician that he is or was suffering from any disease or illness caused by or contributed to by tobacco;

(e) Client was informed that smoking could damage his heart after his stroke in 1981 and quit shortly thereafter.

13Q.    For each spouse and member of your household, from your birth to the present time, state whether they use or have ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, and if so, state the following:

(1)    the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco); and

(2)    the dates during which they used each such product.

13A.    (a) True, filtered;

(b) 05/1955-1990.

14Q.    Do you presently consume or have you in the past consumed alcoholic beverages. If so, state the following:

(1)    the type of alcoholic beverages consumed;

(2)    the dates during which you consumed each such alcoholic beverage;

LAW OFFICES
OF.
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

(3) the amount of such beverage you consumed each day; and

(4) whether you have ever been treated for any illness or disease related to your consumption of alcoholic beverages.

14A. Plaintiff states that he has consumed alcoholic beverages only on social/weekend occasions.

15Q. Have you ever been a member of the Armed Forces of the United States? If so, state the following:

(1) the branch of the service, serial number, and highest rank held;

(2) the beginning and ending dates of your military service;

(3) the type of discharge that you received; and

(4) whether you sustained any injuries or incurred any illness during military service.

(5) if you received a medical discharge, attach a copy hereto and set forth the medical reasons.

15A. (a)   Navy, 2275478, Sgt.;

(b)   05/1947-05/1952;

(c)   Honorable;

(d)   N/A;

(e)   N/A.

16Q. As to each and every employer (including military service) you have had form the time you were first employed to the present, set forth the following:

(Use the attached Chart A)

Include on the chart all employers where you have worked, and all job sites , regardless of whether or not you believe you were exposed to asbestos during the employment. Also include the source of any product identification information provided on Chart A.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Page 14 of  28

16A. See attached; defendants are also directed to plaintiff's social security printout which will be obtainable from RecordTrak.

17Q.  Please state the following with respect to each Asbestos-Containing Product identified on Chart A:

(a)   the color, dimensions, shape, form, texture, weight, appearance and flexibility of each product;

(b)   the appearance of the package or container indicating the manner of packaging, size, dimensions, color and weight; and

(c)   the name, logo, label, numerical and alphabetical markings and other markings or words including warnings on the product and package or container.

17A.   Plaintiff recalls, at the present time, that he was exposed to a variety of different asbestos containing products, during his employment as an Automatic, Boilertender, and Maintenance Worker including but not limited to: pipecovering, block, cement, cloth/clothing, fireproofing spray, gaskets, firebrick, tape, sheetrock, compound, floor tile, ceiling tile, brakes, clutches, engine gaskets and insulation used on equipment such as boilers, pumps and turbines which products were manufactured by various companies, some of which the plaintiff may identify at his deposition.

Plaintiff's counsel alleges that, at the present time and upon information and belief, the plaintiff was exposed to asbestos-containing products manufactured by, or insulation used on equipment manufactured by, or was exposed to asbestos due to the negligence of, the defendants named in the Plaintiff's lawsuit as well but not limited to some of the companies (or their legal predecessors) listed on Exhibit A: UNR Industries, Johns-Manville, Amatex, Forty-Eight Insulations, PACOR, Celotex, National Gypsum, Eagle-Picher, H.K. Porter, Keene, Rockwool, M.H. Detrick, Rutland Fire & Clay, Babcock & Wilcox, Pittsburgh Corning, Burns & Roe, Owens Corning, Armstrong World Industries, G-1 Holdings, W.R. Grace, United States Gypsum, Federal Mogul, Eastco Industrial Safety, North American Refractories, Kaiser Aluminum, Plibrico Refractories, Porter-Hayden, Harbison-Walker Refractories, A.P. Green, Alra Group, and others.

Plaintiff's counsel further states that identification of the manufactures, sellers, distributors and users of the products to which the plaintiff was exposed, as well as any and all tort-feasors liable to plaintiff for causing or contributing to his contraction of an asbestos-related disease may be established by other witnesses, Interrogatory Answers of the tort-feasors, sales invoices and other evidence.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

<u>Plaintiff</u> and <u>Plaintiff's counsel</u> reserve the right to amend and/or supplement this answer, as additional information becomes available.

18Q. If you have retired from your employment, set forth the following:
    (a)   whether said retirement was voluntary or involuntary;
    (b)   the effective date of said retirement;
    (c)   the name of your employer at the time of retirement;
    (d)   the reason for your retirement;
    (e)   whether your retirement was related to any claimed asbestos-related injury; and
    (f)   the amount of pension and/or retirement benefits you are receiving or entitled to receive.

18A.   (a)   Voluntary;
    (b)   01/91;
    (c)   City of New York, Dept. of Higher Education;
    (d)   Age;
    (e)   No;
    (f)   $1200.

19Q. State whether you were exposed (either directly, through a co-worker or otherwise), to any Bankrupt Entity's Asbestos-Containing Materials, or products either mined or manufactured, sold, or distributed by a Bankrupt Entity. If so, state the following:
    (a)   As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following, concerning Bankrupt Entities' products only:
       i.   Name of employer;
       ii.   Dates of employment;
       iii.  Asbestos-related jobsite and address where Bankrupt Entity's products were being used;
       iv.  Dates you were at the jobsite;
       v.   Job duties at the particular jobsite;
       vi.  Bankrupt Entity's asbestos-containing materials or products to which you were exposed;
       vii.  Other companies using Bankrupt Entity's asbestos-containing materials or products at the jobsite; and
       viii. Whether you received any warnings with respect to the use of said product and the nature of those warnings.

    (b)   If you were exposed to, used, ingested or inhaled any Bankrupt Entity's Asbestos-Containing Products at any time other than in the scope of your employment, state for each such exposure:
       i.   the date, location and circumstances; and
       ii.   the type of product and the name of the manufacturer, distributor, and miner.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Page 16 of 28

19A.  See Answer to Question 17.

20Q.  If you were exposed to, used, ingested or inhaled asbestos or asbestos-containing products at any time other than in the scope of your employment, state for each such exposure:

    (a)   the date, location and circumstances; and

    (b)   the type of product and the name of the manufacturer, distributor, and miner.

20A.  Plaintiff states that he is unaware of any non-occupational exposure.

21Q.  Have you ever been a member of any labor union? If so, state:

    (a)   the name and address of each local, national and international labor union;

    (b)   the inclusive dates of your membership; and

    (c)   any positions you have held with each such labor union, and the dates during which you held such positions.

21A.  (a)   Local DC 37, ACME, AFL-CIO;

    (b)   1973-1991,;

    (c)   Member.

22Q.  State whether you have ever seen or received any information, instruction, direction, warning, or directive, from any source whatsoever, concerning alleged dangers of exposure to asbestos or asbestos-containing products, and if so, identify:

    (a)   each such warning, directive, notification, direction, instruction, or information;

    (b)   the means by which such was given to you;

    (c)   the source and the date on which it was received by you; and

    (d)   your response or reaction, including any complaints made or changes in work habits.

22A.  Plaintiff states that he was never warned of the harmful effects of exposure to asbestos.

23Q.  State whether you had available for use during any period of your employment, respirators or masks or other dust inhalation inhibitor, or protective gear and, if so, state the following:

    (a)   the period of time during which said items were available;

    (b)   what instructions were given with regard to the use of each of said items;

    (c)   whether you used said items and the dates of your use;

    (d)   whether you ever requested said items, and, if so, when, where and to whom the request was made, and the response to the request.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

23A. Plaintiff states that he does not have a recollection of masks becoming available until later on in his career, at which time they were available only sporadically.

24Q. If you are making a claim for loss of earnings or impairment of earning power because of your medical conditions, state the following:

(a) date of commencement of any loss or impairment;

(b) the name and address of your employer, your job title and your monthly or weekly rate of pay at the time of the alleged commencement of any loss or impairment;

(c) if you had more than one employer during the three year period prior to the date of the commencement of any loss or impairment, as indicated on Chart A, provide your monthly or weekly rate of pay and inclusive dates of such employment during the three year period;

(d) your total earnings for the period of three years prior to the commencement of any loss or impairment;

(e) the inclusive dates during which you allege that you were unable to work as a result of any loss or impairment and the total amount of pay you claim you lost because of this absence;

(f) the date on which any loss or impairment ended; and

(g) your monthly or weekly rate of pay which you have received, from the date of any loss or impairment ended through the present time.

24A. (a-g) N/A;

25Q. Do you claim damages for loss of consortium, society, affection, services, or sexual enjoyment? If so, please set forth in complete detail all facts on which this claim is based, including a complete description of the loss suffered.

25A. Yes. Due to plaintiff's injuries and symptoms as described in Interrogatory Answer #7, the marital relationship between plaintiff and his spouse has been fundamentally altered and severely damaged. Plaintiff's spouse has been deprived of the support and services formerly provided by plaintiff. Plaintiff's debilitated condition has hampered the ability to provide the love, solace and emotional support previously enjoyed by and relied upon by plaintiff's spouse as integral elements of their sacred marital relationship.

26Q. For each person who is or was partially or totally dependent upon you for financial support and assistance during the last ten years, state:

(1) the name, address, sex, age and relationship; and

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Page 18 of 28

(2)   the amounts you contributed during the last ten years for support and assistance.

26A.  Plaintiff states as follows:
(1)   Mrs. Terrano, wife, see answer 1(d),
(2)   Plaintiff provided partial support for his wife for all and part of the past ten years.

27Q.  State, in the form of an itemized list, all special damages alleged in this lawsuit including, but not limited to, hospital charges, medical charges, medicines, lost wages, etc., naming the person or organization to whom each item of expense was paid or is due, and, if paid, by whom each item of expense was paid.

27A.  Plaintiff's counsel is presently coordinating this information, which will be forwarded upon receipt; defendants are also directed to records received from RecordTrak.

28Q.  Identify and give the substance of all written statements, recordings, or videotapes which relate to the facts of this lawsuit and the damages you claim given by plaintiff or any witness (provided such information is in plaintiff's possession, custody or control and/or such statements, recordings or videotapes are not protected by attorney-client privilege) in the above-captioned matter.

28A.  Objection.  Unduly broad and vague.  Subject to the objection, Plaintiff responds as follows:  At this time, Plaintiff has no such written statements, recordings, or video tapes which relate to the facts of this lawsuit, and has no basis for knowing of any witnesses except for those previously listed.

29Q.  Have you ever made any claim for, or received any, health or accident insurance benefits, social security benefits, state or federal benefits for disabilities, workers' compensation benefits, veterans' benefits, tort claims or suits, Federal Employers Liability Act claims or suits, Longshoremen and Harbor Workers Act claims or suits, unemployment compensation insurance benefits, or early payment from any public or private pensions due to disability or your medical condition?  If so, state the following:

a.    the date and place where each such claim was made;
b.    the name and nature of the entity with which the claim was made;

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

 c. any identifying number, such as a docket or petition number, for each claim;

 d. the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;

 e. the nature of the claim;

 f. whether you were examined by a physician and if so, the name and address of that physician;

 g. the result of such claim, including the amount realized by way of settlement, judgment or award upon the claim;

 h. the name and address of any attorney who represented you with regard to such claims; and

 i. whether you are presently receiving such benefits.

29A. (a) 1991;

 (b) Social Security Retirement Benefits;

 (c) Unknown;

 (d) Social Security Administration;

 (e) Retirement Benefits;

 (f) No;

 (g) Plaintiff is currently receiving about $1100 a month;

 (h) N/A;

 (i) Plaintiff is currently receiving benefits.
  (Please fill in if receiving pension)

 (a) 1991;

 (b) New York City of Higher Education;

 (c) Unknown;

 (d) N/A;

 (e) Pension;

 (f) N/A;

 (g) $1200 a month;

 (h) N/A;

 (i) Yes.

30Q. State the following with regard to your asbestos-related legal action:

 (a) Did you file an asbestos-related claim in more than one jurisdiction;

 (b) Identify all of the jurisdiction(s) where an asbestos-related claim has been filed (whether or not these claims have been dismissed or discontinued or otherwise resolved) on your behalf;

 (c) Did you file your asbestos-related claim(s) under more than one Index Number; and

 (d) Provide all of the Index Numbers for all of your asbestos-related claim(s), including all multiple Index Numbers for claims filed in New York County.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

30A.   _Plaintiff's counsel_, on behalf of plaintiff, has filed only this lawsuit, in New York State, County of New York, under Index Number (105079-08).

31Q.  State whether or not you have made, filed, or submitted a Claim Against Bankrupt Entity or received funds in settlement from a Bankrupt Entity.  If so, for each claim state the following:

    (a)   the date and place where each such claim was made;

    (b)   the name and nature of the entity with which the claim was made;

    (c)   any identifying number, such as a docket or petition number, for each claim;

    (d)   the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;

    (e)   the nature of the claim;

    (f)   whether you were examined by a physician and if so, the name and address of that physician; and

    (g)   whether you received any compensation as a result of such claim, but not the amount.

31A.   _Plaintiff's counsel_, on behalf of plaintiff, has not filed claims against any Bankrupt Entities.

32Q.  State whether you have applied to any Bankrupt Entity or Bankruptcy Court to lift the stay as to your claim or otherwise have attempted to join a Bankrupt Entity to this action.

32A.   Neither plaintiff nor plaintiff's counsel on plaintiff's behalf has applied to any Bankrupt Entity or bankrupt Court to lift the stay as to plaintiff's claim or otherwise attempted to join a Bankrupt Entity to this action.

33Q.   Have you or your spouse ever been a party to or a witness in any lawsuit, court or administrative proceeding?  If so, please state:

    (a) whether you or your spouse were a party or witness and if party, whether plaintiff or defendant;

    (b) the precise name of the lawsuit or proceeding, the court agency in which it was brought and the docket number;

    (c) the nature of the charges or claims and, if you or your spouse were a witness, the subject matter of the testimony; and

    (d) the disposition of the case.

33A. (a)   No;
    (b)   N/A;
    (c)   N/A;
    (d)   N/A.

34Q.  Have you or your spouse filed a claim seeking compensation for any alleged asbestos-related condition from any entity, including settlement trusts?  Specify "Yes" or "No" only.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Page 21 of  28

34Q.  See Answer to Question 31.

35Q.  Identify all entities, whether or not parties to this lawsuit, with whom you have settled or agreed to settle this lawsuit.

35A.  Plaintiff has not settled with any parties at this point in time.

36Q.  Identify all persons, other than your attorneys, who provided you with any information used in answering these interrogatories, and state the particular information each person supplied.

36A.  The plaintiff relied upon himself in answering these interrogatories except where indicated otherwise.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Section VIII (B)(2)(b) of the CMO, the defendants request that plaintiffs produce for inspection and copying, the documents and things identified below.  The documents and things identified herein shall be produced for inspection and copying at such time as the answers to the interrogatories herein are filed.  The following requests include, but are not limited to, documents that relate to Bankrupt Entities.

You are hereby requested to produce the following documents and things:

1.    All documents identified in your answers to these interrogatories.

R.1.  All the documents in our possession are attached.

2.    All documents relating to the plaintiff's job qualifications and professional licenses held.

R.2.  To the extent that any exist, they will be provided.

3.    All documents relating to the plaintiff's membership in any labor trade association or professional organization.

R.3.  To the extent that any exist, they will be provided.

4.    All documents relating to the plaintiff's military or foreign service, including and not limited to, personnel records, discharge papers, military occupational specialty qualification, promotions, reductions or disciplinary actions.

R.4.  To the extent that there are an available, RecordTrak has been provided with a duly executed authorization.

5.    All documents relating to any claim or demand ever made by the plaintiff or the plaintiff's decedent for damages, compensation or other benefits allegedly resulting from any illness or injury,

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

including but not limited to, Claims Against Bankrupt Entities, Industrial Accident Board records, social security disability claim records, federal or state employment compensation claim records, social disability records, pension claim record or any other health or accident insurance claim records.

R.5.  See attached or To be provided (or N/A).

6.    All documents in the plaintiff's possession. custody or control relating in any way to the plaintiff's exposure or possible exposure to asbestos, asbestos-containing products and/or asbestos-containing materials.

R.6.  Objection, attorney/client privilege; to the extent that this request does not invade such privileges, Plaintiff does not have any such material.

7.    All documents relating in any way to the plaintiff's exposure or possible exposure to silica, acids, beryllium, nuclear radiation, ammonia, cadmium, chlorine, chromates, phosgene, grinding dust, coal dust, cotton dust, nickel, welding smoke or fumes.

R.7.  Plaintiff does not specifically recall if he was ever exposed to the substances listed, but nonetheless does not have any of the materials asked for.

8.    All documents, of which you have ever become aware, relating in any way to warnings, potential health hazards, instructions or precautions regarding the use or handling of, or exposure to, asbestos, asbestos-containing products, and/or asbestos-containing materials.

R.8.  To the extent that there are any available, RecordTrak has been provided with a duly executed authorization.

9.    All applications prepared or submitted by or on behalf of the plaintiff for life insurance, medical insurance, health and accident insurance, and/or disability insurance.

R.9.  Plaintiff has no such documents in his possession.

10.   All statements, recorded interviews, films, videotapes, reports, questionnaires, forms or other documents made, submitted, compiled, prepared or filled out by, on behalf of, or under the direction of, plaintiff relating in any way to exposure or alleged exposure to asbestos, asbestos-containing products and/or asbestos-containing materials or any other issues relating to this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without any order by the Court, provided that written or recorded communication between

Page 23 of  28

plaintiff and counsel, made after an attorney-client relationship has been established need not be produced or identified.

R.10. Objection. Attorney/client privilege; work product privilege. To the extent that this request does not invade any such privilege, Plaintiff does not have any such material.

11. All records relating to comments, complaints, suggestions, or proposals made to your employer or your union, by yourself or by other employees or union members regarding asbestos exposure.

R.11. Plaintiff has no such material in his possession.

12. All written, recorded, filmed, transcribed or videotaped statements of all parties and non-party declarants pertaining to the subject of this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including he date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established need not be produced or identified.

R.12. Objection. Attorney/client privilege; work product privilege. To the extent that this request does not invade any such privilege, Plaintiff does not have any such material.

13. All photographs of the plaintiff at work or in work clothes and all photographs of all products or conditions complained of in the plaintiff's place of employment.

R.13. To the extent that they exist, they will be provided.

14. Copies of all itemized bills covering all the special damages and losses and expenses claimed in this matter.

R.14. To be provided; Defendants are also directed to RecordTrak.

15. Copies of all reports, correspondence and records from any doctor who has examined the plaintiff, any hospital where plaintiff has been treated either as an inpatient or as an outpatient, except for any reports, records, correspondence, or communications issued by any consulting physicians who have been retained or specially employed in anticipation of litigation or preparation for trial and who are not expected to be called as a witness at trial.

R.15. RecordTrak has all available medical records.

16. All tissue specimens, tissue slides, and x-ray films pertaining to the plaintiff.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

R.16. RecordTrak has all available medical records.

17.    Copies of plaintiff's income tax records for the last ten years as well as any other documents, including economic loss reports, upon which plaintiff relies in support of his claims. If loss of earnings or earning capacity is alleged or claimed to have occurred before the current year, include copies of the income tax returns of the plaintiff from ten years prior to the claimed loss and up to the current tax year.

R.17. RecordTrak has all available income tax records.

18.    Any asbestos and/or asbestos-containing products of the type to which the plaintiff alleges exposure which the plaintiff has in his possession, custody or control.

R.18. To the extent that any exist, they will be provided.

19.    All photographs, charts, drawings, diagrams or other graphic representations depicting work conditions at work sites where plaintiff claims he was exposed to asbestos or asbestos-containing products.

R.19. To the extent that any exist, they will be provided.

20.    All invoices, bills, statements and any other writings or records which plaintiff contends evidence the sale of any products containing asbestos to the place of plaintiff's employment at which plaintiff claims that he was exposed to asbestos.

R.20. To the extent that any exist, they will be provided.

21.    Any written advice, publication, warnings, order, directive, requirement, or recommendation, which advised or warned of the possible harmful effects of exposure to or inhalation of asbestos or asbestos-containing products in the possession, custody or control of the plaintiff.

R.21. Plaintiff has no such material in his possession.

22.    Any accident or incident reports which relate to the facts, circumstances or incidents which form the basis of plaintiff's complaint.

R.22. To the extent that any exist, they will be provided.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Page 25 of  28

Dated:     New York, New York

April 10 , 2008

Respectfully submitted

WEITZ & LUXENBERG, P.C.
Attorneys for Plaintiff

By: _____
     Ambre Brandis, Esq.
     180 Maiden Lane
     New York, NY 10038 .
     (212).558-5500

### EXHIBIT A

Bankrupt Entity includes, without limitation: UNR Industries, Inc., Johns-Manville Co., Amatex Corp., Waterman Steamship Corp., Wallace & Gale Co., Forty-Eight Insulations, Inc., PACOR, Prudential Lines, Inc., Standard Insulations, Inc., US Lines, Nicolet, Inc., Gatke Corp., Chemetron Corp., Raytech, Delaware Insulations, Celotex Corp., Hillsborough Holdings, National Gypsum Co., Standard Asbestos Mfg. & Insul., Eagle-Picher, H.K. Porter Co., Cassiar Mines, Keene Corp., American Shipbuilding, Inc., Lykes Brothers Steamship, Rock Wool Mfg., SGL Carbon, M.H. Detrick, Brunswick Fabricators, Fuller-Austin Insul., Harnischfeger Corp., Joy Technologies, Rutland Fire & Clay, Babcock & Wilcox, Pittsburgh Corning, Burns & Roe Enterprises, E.J. Bartells, Owens Corning, Armstrong World Industries, G-1 Holdings (GAF Corp.), W.R. Grace, Skinner Engine Co., USG (US Gypsum) Corp., Federal Mogul, Eastco Industrial Safety Corp., Washington Group Int'l, Inc., Bethlehem Steel, North American Refractories, Kaiser Aluminum, Plibrico Refractories, Porter-Hayden, American Club, Huxley Development Corp., Harbison-Walker Refractories Co., Continental Producers Corp., A.P. Green Indus., Shook & Fletcher, Atra Group, Inc. (Synkoloid), and ACandS, Inc; C.E. Thurston.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

CHART A

EMPLOYER/JOBSITE HISTORY FOR LEON TERRANO

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

| Name of Employer | Dates of Employment | Asbestos-related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM* Used Personally, By Companies On Site And To Which You Were Otherwise Exposed | Coworkers on Jobsite, including supervisor |
|---|---|---|---|---|---|---|
| See Social Security Printout | 1947-1952 | Navy<br>USS Tolovana (AO-64)<br>USS Neches (AO-47)<br>PF 70 (USS Evansville)<br>DE 534 USS Silverstein | 1947-1952 | Boilertender | see Interrogatory Answer #17 | see Interrogatory Answer #17 |
| See Social Security Printout | 1952-1957 | Neptune Meter, Long Island City | 1952-1957 | Assembled Water Meters | see Interrogatory Answer #17 | see Interrogatory Answer #17 |
| See Social Security Printout | 1957-1971 | Westside Piers, 88-96 | 1957-1971 | Longshoreman Forklift operator | see Interrogatory Answer #17 | see Interrogatory Answer #17 |
| See Social Security Printout | 1971-1979 | Hunter College, Lexington Avenue and 69th avenue | 1971-1979 | General Maintenance | see Interrogatory Answer #17 | see Interrogatory Answer #17 |
| See Social Security Printout | 11/1979-01/1991 | Hunter College High School, Park Avenue and 94th street | 11/1979-01/1991 | Maintenance Supervisor | see Interrogatory Answer #17 | see Interrogatory Answer #17 |

* ACM - Asbestos Containing Materials or Products.
** Identify brand and manufacturer name, if known.

Page 28 of 28

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
─────────────────────────────────────────X Index No.: 105079-08

Date Filed: 4/8/08

LEON N. TERRANO,

                                        Plaintiff(s),

                                  -against-

A.W. CHESTERTON COMPANY,
ANCHOR PACKING COMPANY,
AURORA PUMP COMPANY,
BELL & GOSSETT COMPANY,
BMCE INC.,
    f/k/a UNITED CENTRIFUGAL PUMP,
BUFFALO PUMPS, INC.,
BYRON JACKSON PUMPS,
CBS CORPORATION, a Delaware Corporation,
    f/k/a VIACOM INC. successor by merger to CBS
    CORPORATION, a Pennsylvania Corporation,
    f/k/a WESTINGHOUSE ELECTRIC CORPORATION,
CERTAIN TEED CORPORATION,
CLEAVER BROOKS COMPANY, INC.,
CRANE CO.,
DURABLA MANUFACTURING COMPANY,
EMPIRE-ACE INSULATION MFG. CORP.,
FOSTER WHEELER, L.L.C.,
GARDNER DENVER, INC.,
GARLOCK SEALING TECHNOLOGIES LLC,
    f/k/a GARLOCK INC.,
GENERAL ELECTRIC COMPANY,
GOULDS PUMPS, INC.,
IMO INDUSTRIES, INC.,
INGERSOLL-RAND COMPANY,
ITT CORPORATION,
J.H. FRANCE REFRACTORIES COMPANY,
JENKINS VALVES, INC.,
KENNEDY VALVE MANUFACTURING Co., Inc.,
OWENS-ILLINOIS, INC.,
PATTERSON PUMP COMPANY,
PREMIER REFRACTORIES, INC.,
    f/k/a ADIENCE, INC., f/k/a BMI,
RAPID-AMERICAN CORPORATION,
THE FAIRBANKS COMPANY,
TRANE U.S. INC., f/k/a AMERICAN STANDARD INC.,
U.S. RUBBER COMPANY (UNIROYAL),
WARREN PUMPS, INC.,
WEIL-MCLAIN,
    a division of THE MARLEY COMPANY,

Plaintiff Designates
**NEW YORK**
County as the Place of Trial

The Basis of Venue is
Defendants' Place of Business

**SUMMONS**

NEW YORK
COUNTY CLERK'S OFFICE

APR-0 8 2008

NOT COMPARED
WITH COPY FILE

Defendants.
-----------------------------------------------------------------------X

To the above named Defendant(s)


You are hereby summoned to answer the verified complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, April 08, 2008
    New York, New York

Defendant's address:

**SEE ATTACHED DEFENDANTS RIDER**

WEITZ & LUXENBERG, P.C.
Attorney(s) for Plaintiff
Post Office Address
180 Maiden Lane
New York, New York 10038
(212) 558-5500

## DEFENDANTS' RIDER

**A.W. CHESTERTON COMPANY**
Joseph E. Riley
225 Fallon Road
Stoneham, MA 02180

**ANCHOR PACKING COMPANY**
CT Corporation System
100 Pine Street,
Suite 325
Harrisburg, PA 17101

**AURORA PUMP COMPANY**
13515 Ballantyne Corporate Place
Charlotte, NC 28277

**BELL & GOSSETT COMPANY**
8200 North Austin Avenue
Morton Grove, IL 60053

**BMCE INC.,**
    f/k/a UNITED CENTRIFUGAL PUMP
Weiner Lesniak LLP
Anna M. DiLonardo
888 Veterans Memorial Highway
Hauppague, NY 11788

**BUFFALO PUMPS, INC.**
874 OLIVER STREET
N. TONAWANDA, NY 14120

**BYRON JACKSON PUMPS**
5215 N. O'Conner Boulevard
Suite 2300
Irving, TX 75039

**CBS CORPORATION, a Delaware Corporation,**
    f/k/a VIACOM INC. successor by merger to CBS
    CORPORATION, a Pennsylvania Corporation,
    f/k/a WESTINGHOUSE ELECTRIC CORPORATION
Asbestos Litigation Support Manager
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Case Management & Technology Center
USX Towers
600 Grant Street
Pittsburgh, PA 15219

**CERTAIN TEED CORPORATION**
CT Corporation System
111 8th Avenue
New York, NY 10011

**CLEAVER BROOKS COMPANY, INC.**
11950 West Park Place
Milwaukee, WI 11270

**CRANE CO.**
100 First Stamford Place
Stamford, CT 06902

**DURABLA MANUFACTURING COMPANY**
CLEMENTE, MUELLER & TOBIA, P.A.
218 Ridgedale Avenue
P.O. Box 1296
Morristown, NJ 07962

**EMPIRE-ACE INSULATION MFG. CORP.**
c/o THE SECRETARY OF STATE
41 State Street
Albany, NY 12207

**FOSTER WHEELER, L.L.C.**
Route 173 at Frontage Road
Clinton, NJ 08809

**GARDNER DENVER, INC.**
1800 Gardner Expressway
Quincy, IL 62301

**GARLOCK SEALING TECHNOLOGIES LLC,**
   f/k/a GARLOCK INC.
CT Corporation System
111 8th Avenue
New York, NY 10011

**GENERAL ELECTRIC COMPANY**
Electric Insurance Company
75 Sam Fonzo Drive
Beverly, MA 01915

**GOULDS PUMPS, INC.**
240 Fall Street
Seneca Falls, NY 13148

**IMO INDUSTRIES, INC.**
997 Lenox Drive
Suite 111
Lawrenceville, NJ 08648

**INGERSOLL-RAND COMPANY**
CT Corporation Systems
111 8th Avenue
New York, NY 10011

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

ITT CORPORATION
CT Corporation System
111 8th Avenue
New York, NY 10011

J.H. FRANCE REFRACTORIES COMPANY
SPECIAL CLAIMS SERVICES, INC.
809 Coshocton Avenue
Suite 1
Mount Vernon, OH 43050-1931

JENKINS VALVES, INC.
Joseph E. Sakal, Esq.
246 Bank Street
Seymour, CT 06483

and

Prentice-Hall Corporation System
30 High Street
Hartford, CT 06103

KENNEDY VALVE MANUFACTURING Co., Inc.
1021 East Water Street
Elmira, NY 14901

OWENS-ILLINOIS, INC.
One Michael Owens Way
Perrysburg, OH 43551

PATTERSON PUMP COMPANY
9201 Ayersville Road
Toccoa, GA 30577-9033

PREMIER REFRACTORIES, INC.,
f/k/a ADIENCE, INC., f/k/a BMI
Special Claims Services, Inc.
809 Coshocton Avenue, Suite 1
Attention: Donald E. Ward, President
Mount Vernon, OH 43050

RAPID-AMERICAN CORPORATION
2711 Centerville Road
Wilmington, DE 19808

THE FAIRBANKS COMPANY
CT Corporation System (GA)
1201 Peachtree Street NE
Atlanta , GA 30361

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

TRANE U.S. INC., f/k/a AMERICAN STANDARD INC.
Michele Corcoran, New Filings Manager
c/o PACE
1009 Lenox Drive, Bldg 4 Suite 101
Lawrenceville, NJ 08648

U.S. RUBBER COMPANY (UNIROYAL)
c/o Frank Degrim, Esq.
GREENFIELD, STEIN & SENOIR
600 Third Avenue, 11th Floor
New York, NY 10016-1903

WARREN PUMPS, INC.
82 Bridges Avenue
Warren, MA 01083

WEIL-MCLAIN,
    a division of THE MARLEY COMPANY
500 Blaine Street
Michigan City, IN 46360

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK ———————————————X    Index No.:

LEON N. TERRANO,                                                Date Filed:

                                        Plaintiff(s),

                                                                **VERIFIED**
                     -against-                                  **COMPLAINT**

A.W. CHESTERTON COMPANY,
ANCHOR PACKING COMPANY,
AURORA PUMP COMPANY,
BELL & GOSSETT COMPANY,
BMCE INC.,
    f/k/a UNITED CENTRIFUGAL PUMP,
BUFFALO PUMPS, INC.,
BYRON JACKSON PUMPS,
CBS CORPORATION, a Delaware Corporation,
    f/k/a VIACOM INC. successor by merger to CBS
    CORPORATION, a Pennsylvania Corporation,
    f/k/a WESTINGHOUSE ELECTRIC CORPORATION,
CERTAIN TEED CORPORATION,
CLEAVER BROOKS COMPANY, INC.,
CRANE CO.,
DURABLA MANUFACTURING COMPANY,
EMPIRE-ACE INSULATION MFG. CORP.,
FOSTER WHEELER, L.L.C.,
GARDNER DENVER, INC.,
GARLOCK SEALING TECHNOLOGIES LLC,
    f/k/a GARLOCK INC.,
GENERAL ELECTRIC COMPANY,
GOULDS PUMPS, INC.,
IMO INDUSTRIES, INC.,
INGERSOLL-RAND COMPANY,
ITT CORPORATION,
J.H. FRANCE REFRACTORIES COMPANY,
JENKINS VALVES, INC.,
KENNEDY VALVE MANUFACTURING Co., Inc.,
OWENS-ILLINOIS, INC.,
PATTERSON PUMP COMPANY,
PREMIER REFRACTORIES, INC.,
    f/k/a ADIENCE, INC., f/k/a BMI,
RAPID-AMERICAN CORPORATION,
THE FAIRBANKS COMPANY,
TRANE U.S. INC., f/k/a AMERICAN STANDARD INC.,
U.S. RUBBER COMPANY (UNIROYAL),
WARREN PUMPS, INC.,
WEIL-MCLAIN,
    a division of THE MARLEY COMPANY,

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

                                        Defendants.

--------------------------------------------------X

Plaintiff(s), LEON N. TERRANO, by their attorneys WEITZ & LUXENBERG, P.C., upon information and belief, at all times hereinafter mentioned alleges as follows:

1.     Plaintiff(s), LEON N. TERRANO, by their attorneys, WEITZ & LUXENBERG, P.C., for their **verified complaint** respectfully alleges:

2.     Defendant AURORA PUMP COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

3.     Defendant AURORA PUMP COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

4.     Defendant BELL & GOSSETT COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

5.     Defendant BELL & GOSSETT COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

6.     Defendant BUFFALO PUMPS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

7.     Defendant BUFFALO PUMPS, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

8.     Defendant BYRON JACKSON PUMPS, was and still is a duly organized domestic corporation doing business in the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

9. Defendant BYRON JACKSON PUMPS, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

10. Defendant GARDNER DENVER, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

11. Defendant GARDNER DENVER, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

12. Defendant IMO INDUSTRIES, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

13. Defendant IMO INDUSTRIES, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

14. Defendant ITT CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

15. Defendant ITT CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

16. Defendant JENKINS VALVES, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

17. Defendant JENKINS VALVES, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

18. Defendant KENNEDY VALVE MANUFACTURING Co., Inc., was and still is a duly organized domestic corporation doing business in the State of New York.

19.     Defendant KENNEDY VALVE MANUFACTURING Co., Inc., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

20.     Defendant THE FAIRBANKS COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

21.     Defendant THE FAIRBANKS COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

22.     Defendant WARREN PUMPS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

23.     Defendant WARREN PUMPS, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

Plaintiff(s), LEON N. TERRANO, repeats and realleges NYAL - WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY No. 7 as if fully incorporated herein as it pertains to the defendants in the aforementioned caption.

Dated: April 08, 2008
       New York, New York

Yours, etc.,

WEITZ & LUXENBERG, P.C

Attorneys for Plaintiff(s)
180 Maiden Lane
New York, NY 10038
(212) 558-5500

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

STATE OF NEW YORK     )
                                         SS:
COUNTY OF NEW YORK )

The undersigned, an attorney admitted to practice in the Courts of New York State,

shows:

Deponent is an Associate of the firm WEITZ & LUXENBERG, P.C., Counsel for the

plaintiff(s) in the within action; deponent has read the foregoing **summons and verified**

**complaint** and knows the contents thereof; the same is true to deponent's own knowledge, except

as to the matters therein stated to be alleged on information and belief, and that as to those

matters deponent believes it to be true.  This verification is made by deponent and not by

plaintiff(s) because plaintiff(s) resides outside of the County of New York where plaintiffs'

counsel and deponent maintain their office.


Dated: April 08, 2008
           New York, New York

AMBRE BRANDIS

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LEON N. TERRANO,

Plaintiff(s),

-against-

A.W. CHESTERTON COMPANY, et. al.,

Defendants.

SUMMONS and COMPLAINT

WEITZ & LUXENBERG, P.C.
Attorneys for PLAINTIFFS
180 Maiden Lane
New York, NY 10038
212-558-5500

To
Attorney(s) for

Service of a copy of the within
is hereby admitted.

Dated, April 08, 2008

Attorney(s) for

## Leon N. Terrano Service Rider

JULIE EVANS, ESQ.
ERIK C. DiMARCO, ESQ.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
150 EAST 42ND STREET
NEW YORK, NY 10017-5639
PHONE # (212) 490-3000
FAX # (212) 490-3038
JULIE.EVANS@WILSONELSER.COM
COUNSEL FOR A.W. CHESTERTON CO.

THEODORE EDER, ESQ.
SEGAL McCAMBRIDGE SINGER & MAHONEY
830 THIRD AVENUE, SUITE 400
NEW YORK, NY 10022
PHONE # (212) 651-7500
FAX # (212) 651-7499
TEDER@SMSM.COM
COUNSEL FOR ANCHOR PACKING CO., BYRON JACKSON PUMPS, GARDNER DENVER, INC., AND GARLOCK SEALING
TECHNOLOGIES LLC f/k/a GARLOCK, INC.

LAWRENCE MCGIVNEY, ESQ.
MCGIVNEY & KLUGER, P.C.
80 BROAD ST., 23RD FLOOR
NEW YORK, NY 10004
PHONE  212 509-3456
FAX  212 509-4420
LMCGIVNEY@MCGIVNEYANDKLUGER.COM
COUNSEL FOR AURORA PUMP CO.,THE FAIRBANKS CO., AND PATTERSON PUMP CO.

ART BROMBERG, ESQ.
WEINER LESNIAK LLP
629 PARSIPPANY ROAD
P.O. BOX 438
PARSIPPANY, NJ 07054-0438
PHONE # (973) 403-1100
FAX # (973) 403-0010
ABROMBERG@WEINERLESNIAK.COM
COUNSEL FOR BMCE, INC. f/k/a UNITED CENTRIFUGAL PUMP

PHILIP GOLDSTEIN, ESQ.
MCGUIRE WOODS LLP
1345 AVENUE OF THE AMERICAS, 7TH FLOOR
NEW YORK, NY 10105
PHONE # (212) 548-2100
FAX # (212) 715-2315
PGOLDSTEIN@MCGUIREWOODS.COM
COUNSEL FOR BELL & GOSSETT CO., ITT INDUSTRIES, INC., AND TRANE U.S. INC., f/k/a AMERICAN STANDARD INC.

EDWARD WILBRAHAM, ESQ.
JOHN HOWARTH, ESQ.
WILBRAHAM, LAWLER & BUBA
1818 MARKET STREET, SUITE 3100
PHILADELPHIA, PA 19103
PHONE # (215) 564-4141 FAX # (215) 564-4385
EWILBRAHAM@WLBDEFLAW.COM
COUNSEL FOR  BUFFALO PUMPS, INC.

WILLIAM BRADLEY, ESQ.
JOSEPH CARLISLE, ESQ.
MARY ELLEN CONNOR, ESQ.
MALABY, CARLISLE & BRADLEY LLC
150 BROADWAY
NEW YORK, NY 10038
PHONE # (212) 791-028500
FAX # (212) 791-0286
WBRADLEY@MCBLLC.ORG
COUNSEL FOR  CBS CORPORATION, a Delaware Corp., f/k/a/ VIACOM INC., successor by merger to CBS CORPORATION,
a Pennsylvania Corp., f/k/a WESTINGHOUSE ELECTRIC CORP., CLEAVER BROOKS CO., J.H. FRANCE REFRACTORIES
CO.,  WARREN PUMPS, INC.,  AND WEIL-MCLAIN, a division of THE MARLEY CO.

JUDITH YAVITZ, ESQ.

REED SMITH LLP
599 LEXINGTON AVENUE
NEW YORK, NEW YORK
PHONE # (212) 205-6093/6022
FAX # (212) 521-5450
JYAVITZ@REEDSMITH.COM
COUNSEL FOR CERTAIN-TEED CORP.

KIRSTEN KNEIS, ESQ.
KIRKPATRICK & LOCKHART, NICHOLSON, GRAHAM, LLPONE NEWARK CENTER, 10TH FLOORNEWARK, NJ 07102PHONE
# (973) 848-4000FAX # (973) 848-4001
KKNEIS@KLNG.COM
COUNSEL FOR CRANE CO., AND JENKINS VALVES, INC.

WILLIAM MUELLER, ESQ.
CLEMENTE, DICKSON & MUELLER
218 RIDGEDALE AVENUE
MORRISTOWN, NJ 07961
PHONE # (973) 455-8008
FAX # (973) 455-8118
WMUELLER@CMT-LAW.COM
COUNSEL FOR DURABLA MANUFACTURING COMPANY

STEVE KEVELSON, ESQ.
ONE COZINE AVENUE
BROOKLYN, NY 11201
PHONE # (718) 649-4900
FAX # (718) 649-4902
COUNSEL FOR EMPIRE ACE INSULATION MFG. CORP.

MICHAEL A. TANENBAUM, ESQ.
SEDGWICK, DETERT, MORAN & ARNOLD LLP
THREE GATEWAY CENTER, 12th FLOOR
NEWARK, NJ 07102-5311
PHONE: (973) 242-0002
FAX:: (973) 242-8099
MICHAEL.TANENBAUM@SDMA.COM
COUNSEL FOR FOSTER WHEELER, L.L.C., AND GENERAL ELECTRIC CO.

DAVE SPEZIALI, ESQ.
SPEZIALI, GREENWALD & HAWKINS, P.C.
P.O. BOX 1086
1981 WINFLOW RD.
WILLIAMSTOWN, NJ 08094
PHONE # (856)728-3600
FAX # (856)728-3996
TRIAL COUNSEL FOR FOSTER WHEELER L.L.C., AND GENERAL ELECTRIC CO.

JOHN J. FANNING, ESQ.
CULLEN & DYKMAN
177 MONTAGUE STREET
BROOKLYN, NY 11201
PHONE # (718) 855-9000
FAX # (718) 935-1509
JFANNING@CULLENANDDYKMAN.COM
COUNSEL FOR GOULDS PUMPS, INC.

LISA M. PASCARELLA, ESQ.
PEHLIVANIAN, BRAATEN & PASCARELLA, LLC
2430 ROUTE 34
MANASQUAN, NJ 08736
PHONE # (732) 528-8888
FAX # (732) 528-4445
LP@PEHLI.COM
COUNSEL FOR INGERSOLL-RAND CO.

JOSEPH COLAO, ESQ.
HELEN CHUNG, ESQ.
LEADER & BERKON LLP
630 3RD AVENUE, 17TH FLOOR
NEW YORK, NY 10017

2

PHONE # (212) 486-2400
FAX # (212) 486-3099
JCOLAO@LEADERBERKON.COM
COUNSEL FOR IMO INDUSTRIES, INC.

JOHN A. SMYTH, III, ESQ.
MAYNARD, COOPER & GALE, P.C.
1901 SIXTH AVENUE NORTH
BIRMINGHAM, ALABAMA 35203-2618
PHONE # (205) 254-1000
FAX #  (205) 254-1999
JSMYTH@MAYNARDCOOPER.COM
COUNSEL FOR KENNEDY VALVE MANUFACTURING CO., INC.

PAUL A. SCRUDATO, ESQ.
SCHIFF HARDIN & WAITE
623 FIFTH AVENUE, SUITE 2800
NEW YORK, NY 10022
PHONE # (212) 753-5000
FAX # (212) 753-5044
PSCRUDATO@SCHIFFHARDIN.COM
COUNSEL FOR OWENS-ILLINOIS, INC.

JAMES M. SKELLY, ESQ.
MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
530 SAW MILL RIVER ROAD
ELMSFORD, NEW YORK 10523
PHONE # (914) 345-3701
FAX # (914) 345-3743
COUNSEL FOR PREMIER REFRACTORIES, INC. f/k/a ADIENCE/BMI

LINDA YASSKY, ESQ.
SONNENSCHEIN NATH & ROSENTHAL
1221 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
PHONE # (212) 398-5297
FAX # (212) 768-6800
LYASSKY@SONNENSCHEIN.COM
COUNSEL FOR RAPID AMERICAN CORPORATION

# EXHIBIT 3

WEITZ
&
LUXENBERG

A PROFESSIONAL CORPORATION
· LAW OFFICES ·

180 MAIDEN LANE • NEW YORK, N.Y. 10038-4925
TEL. 212-558-5500        FAX 212-344-5461
WWW.WEITZLUX.COM



PERRY WEITZ
ARTHUR M. LUXENBERG

ROBERT J. GORDON ††

EDWARD S. BOSEK
AMBRE J. BRANDIS
EDWARD BRANFF ††
JOHN M. BROADDUS ✦
DANIEL D. BURKE
PATTI BURSHTYN ††
LISA NATHANSON BUSCH
DAVID A. CHANDLER
EILEEN CLARKE
THOMAS COMERFORD ††
ADAM R. COOPER
TERESA A. CURTIN ▲ ▲
BENJAMIN DARCHE

CHARLES M. FERGUSON
STEVEN J. GERMAN ▲
LAWRENCE GOLDHIRSCH **
ROBIN L. GREENWALD * **
EDWARD J. HAHN *
MARIE L. IANNIELLO †*
ERIK JACOBS
GARY K. KLEIN ††
GLENN KRAMER ‡‡
JERRY KRISTAL *§
DEBBI LANDAU
JAMES G. LONG, JR. **
CURT D. MARSHALL ‡

HADLEY L. MATARAZZO ††
RICHARD B. McGOWAN * ‡‡ ‡
KEITH M. O'CONNOR
MICHAEL E. PEDERSON
PAUL J. PENNOCK ‡
STUART S. PERRY *
ELLEN RELKIN * ▲
STEPHEN J. RIEGEL ††
MICHAEL P. ROBERTS
CIRUS ROMANELLI ††
DAVID ROSENBAND
JIM R. ROSS ◊
JESSICA B. RUSSELL

SHELDON SILVER *
FRANKLIN P. SOLOMON §
LEMUEL M. SROLOVIC
JAMES S. THOMPSON ††
DOUGLAS D. von OISTE ‡
WILLIAM A. WALSH ††
JOSEPH P. WILLIAMS
NICHOLAS WISE
ALLAN ZELIKOVIC
GLENN ZUCKERMAN

• Of Counsel
* Also admitted in CT
† Also admitted in FL
§§ Also admitted in MA
†† Also admitted in NJ
‡ Also admitted in DC
▲ Also admitted in NJ and CT
♦ Also admitted in NJ and PA
▲ Also admitted in NJ and DC
** Also admitted in NJ and MS
✦ Also admitted in CO and TX
§ Also admitted in DC, VA
‡ Admitted only in NJ and PA
‡‡ Admitted only in NJ
◊ Admitted only in DC, MD, PA and VA
▲ Admitted only in CO
†† Admitted only in IL
◊ Admitted only in TX

                                        April 10, 2008

*BY Mail*

        Re:  NYAL: Application to the November 2008 *In Extremis* Trial Group

Dear Counsel:

        **Leon N. Terrano**        **Index No.  105079-08**        **Lung Cancer**

        Enclosed, please find Plaintiff's Responses to Interrogatories and Summons & Complaint
for the above.  Diagnosing medicals will be provided shortly.

        Please do not hesitate to contact me with any questions or comments you may have at
212-558-5803

                                Respectfully submitted

                                Ryne Duchmann
                                Paralegal

215 South Monarch Street, Suite 202
Aspen, CO 81611
(970) 925-6101

210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
(856) 755-1115

76 South Orange Avenue, Suite 305
South Orange, NJ 07079
(973) 761-8995

100 E. 15th Street, Suite 400
Fort Worth, Texas 76102
(817) 885-7815

2179-123

# EXHIBIT 3

W E I T Z
&
L U X E N B E R G

A PROFESSIONAL CORPORATION
· LAW OFFICES ·

180 MAIDEN LANE • NEW YORK, N.Y. 10038-4925
TEL. 212-558-5500        FAX 212-344-5461
WWW.WEITZLUX.COM



PERRY WEITZ
ARTHUR M. LUXENBERG

ROBERT J. GORDON ††

EDWARD S. BOSEK
AMBRE J. BRANDIS
EDWARD BRANIFF ††
JOHN M. BROADDUS ◆
DANIEL C. BURKE
PATTI BURSHTYN ††
LISA NATHANSON BUSCH
DAVID A. CHANDLER
EILEEN CLARKE
THOMAS COMERFORD ††
ADAM R. COOPER
TERESA A. CURTIN ▲▲
BENJAMIN DARCHE

CHARLES M. FERGUSON
STEVEN J. GERMAN ▲
LAWRENCE GOLDHIRSCH **
ROBIN L. GREENWALD * **
EDWARD J. HAHN *
MARIE L. IANNIELLO †*
ERIK JACOBS
GARY N. KLEIN ††
GLENN KRAMER ‡‡
JERRY KRISTAL *§
DEBBI LANDAU
JAMES G. LONG, JR. **
CURT D. MARSHALL ‡

HADLEY L. MATARAZZO ††
RICHARD S. McGOWAN * ‡‡ ‡
KEITH M. O'CONNOR
MICHAEL E. PEDERSON
PAUL J. PENNOCK ‡
STUART R. PERRY *
ELLEN RELKIN *▲
STEPHEN J. RIEGEL ††
MICHAEL P. ROBERTS
CIRUS ROMANELLI ††
DAVID ROSENBAND
JIM R. ROSS ◇
JESSICA B. RUSSELL

SHELDON SILVER *
FRANKLIN P. SOLOMON §
LEMUEL M. SROLOVIC
JAMES S. THOMPSON ††
DOUGLAS D. von OISTE ‡
WILLIAM A. WALSH ††
JOSEPH P. WILLIAMS
NICHOLAS WISE
ALLAN ZELIKOVIC
GLENN ZUCKERMAN

• Of Counsel
* Also admitted in CT
‡ Also admitted in FL
§§ Also admitted in MA
†† Also admitted in NJ
§ Also admitted in DC
‡ Also admitted in NJ and CT
◆ Also admitted in NJ and PA
▲ Also admitted in NJ and DC
** Also admitted in NJ and ME
*** Also admitted in DC and TX
▲▲ Also admitted in DC, VA
§ Also admitted in NJ and PA
‡‡ Admitted only in NJ
† Admitted only in DC, MD, PA and VA
** Admitted only in CO
◇ Admitted only in IL
◇ Admitted only in TX

April 10, 2008

*BY Mail*

Re:  NYAL: Application to the November 2008 *In Extremis* Trial Group

Dear Counsel:

**Leon N. Terrano**        Index No.  105079-08            **Lung Cancer**

Enclosed, please find Plaintiff's Responses to Interrogatories and Summons & Complaint for the above.  Diagnosing medicals will be provided shortly.

Please do not hesitate to contact me with any questions or comments you may have at 212-558-5803

Respectfully submitted

Ryne Duchmann
Paralegal

215 South Monarch Street, Suite 202
Aspen, CO 81611
(970) 925-6101

210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
(856) 755-1115

76 South Orange Avenue, Suite 305
South Orange, NJ 07079
(973) 761-8995

100 E. 15th Street, Suite 400
Fort Worth, Texas 76102
(817) 885-7815

2179-123

# EXHIBIT 4



# SEDGWICK
DETERT, MORAN & ARNOLD LLP

www.sdma.com

Three Gateway Center, 12th Floor
Newark, New Jersey 07102-4072
Tel: 973.242.0002 Fax: 973.242.8099

May 20, 2008

<u>VIA HAND DELIVERY</u>

Honorable Colleen McMahon
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    **Leon Terrano v. Foster Wheeler LLC, et al.**
       **Civil Action No. 08-cv-4684**

Dear Judge McMahon:

This firm represents Defendant Foster Wheeler LLC ("Foster Wheeler") in the above-referenced matter. Currently pending before the Court is Foster Wheeler's Notice of Removal of this action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York, which was filed yesterday, May 19, 2008. I write to advise the Court that we wish to withdraw Foster Wheeler's Notice of Removal.

Based upon discussions held between myself and plaintiff's counsel, Robert Gordon, after Foster Wheeler's Notice of Removal was filed, both parties have agreed to settle this matter. Therefore, we are respectfully withdrawing Foster Wheeler's Notice of Removal, as this matter has been resolved as to Foster Wheeler. Pursuant to our request, enclosed please find Foster Wheeler's Request to Withdraw Notice of Removal for your Honor's execution.

Thank you for your consideration with regard to this matter.

Respectfully,

Michael A. Tanenbaum, Esq.
Sedgwick, Detert, Moran & Arnold LLP

MAT/aio
cc:    Clerk of Southern District Court
       Clerk of the Supreme Court of New York County (Index No. 105079-08)
       Weitz & Luxenberg, P.C
       All Known Defense Counsel (w/encl.)

NJ/209083v1

Austin ▪ Bermuda* ▪ Chicago ▪ Dallas ▪ Houston ▪ London ▪ Los Angeles ▪ New York ▪ Newark ▪ Orange County ▪ Paris ▪ San Francisco ▪ Zurich

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LEON N. TERRANO | § | |
| Plaintiff(s), | § | CIVIL ACTION NO. : 08-CV-4684 |
| | § | |
| -against- | § | |
| | § | **FOSTER WHEELER LLC'S REQUEST** |
| | § | **TO WITHDRAW NOTICE OF** |
| A.W. CHESTERTON COMPANY, et. al. | § | **REMOVAL** |
| | § | |
| | § | |
| Defendants. | § | |

TO:   **The Honorable Colleen McMahon, U.S.D.J.**
      United States District Court
      Southern District of New York
      500 Pearl Street
      New York, New York 10007

Honorable Judge McMahon:

Defendant, Foster Wheeler LLC hereby voluntarily withdraws the Notice of Removal filed

with the Clerk of the Southern District of New York on May 19, 2008 in this matter.

Respectfully submitted,

By:

Michael A. Tanenbaum
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 242-0002
ATTORNEYS FOR DEFENDANT:
FOSTER WHEELER LLC

Defendant, Foster Wheeler LLC's Notice of Removal filed in this matter on <u>May 19,</u>
<u>2008,</u> be and hereby is withdrawn.

**SO APPROVED,** _____    **DATED:** _____
             Hon. Colleen McMahon, U.S.D.J.

cc:   WEITZ & LUXENBERG
      180 Maiden Lane
      New York, New York 10038-4925
      (212) 558-5500
      ATTORNEYS FOR PLAINTIFF

      All Known Defense Counsel

## AFFIDAVIT OF SERVICE

STATE OF NEW JERSEY    )
                              : SS.:
COUNTY OF ESSEX    )

      Jennifer Vuocolo, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides in the State of New Jersey, Hudson County.

      That on the 20th day of May, 2008 deponent caused to be served via Facsimile and regular mail, Defendant, Foster Wheeler LLC's Request to Withdraw Notice of Removal and Affidavit of Service in the matter of  *[Leon Terrano v. A.W. Chesterton Company, et al.]* upon:

WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, New York 10038-4925
Attorneys for Plaintiffs

and all known defense counsel on the attached service rider with enclosures at the addresses designated by said defendants/defense attorneys for the purpose of depositing a true copy of same via First Class Mail through the United State Postal Service, Newark, New Jersey, 07102

                                             Jennifer Vuocolo

Sworn and subscribed to before
me this 20th day of May, 2008

Marian Krushinsky, Notary Public

MARIAN P. TIGHE-KRUSHINSKY
Notary Public of New Jersey
My Commission Expires 11/9/2010

## Leon N. Terrano Service Rider

| | |
|---|---|
| Julie Evans, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>150 East 42nd Street<br>New York, New York 10017 | Counsel for A.W. Chesterton Co. |
| Robert C. Malaby, Esq.<br>Malaby, Carlisle & Bradley, LLC<br>150 Broadway, Suite 600<br>New York, New York 10038 | Counsel for CBS Corporation, a Delaware Corp. f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania Corp. f/k/a Westinghouse Electric Corp., Cleaver Brooks Co., Inc., J.H. France Refractories Co., Premier Refractories Inc. f/k/a Adience/BMI in care of Special Claims, and Weil-McLain |
| Yvette Harmon, Esq.<br>McGuire Woods, LLP<br>1345 Avenue of the Americas, 7th Floor<br>New York, New York 10105 | Counsel for Bell & Gossett, Co., ITT Industries, Inc. and Trane U.S. Inc. |
| Theodore Eder, Esq.<br>Segal McCambridge Singer & Mahoney<br>830 Third Avenue, suite 400<br>New York, New York 10022 | Cousnel for Anchor Packing, Co., Byron Jackson Pumps, Garndner Denver, Inc. and Garlock Sealing Technologies LLC f/k/a Garlock, Inc. |
| Edward Wilbraham, Esq.<br>Wilbraham, Lawler & Buba<br>1818 Market Street, Suite 3100<br>Philadelphia, PA 19103 | Counsel for Buffalo Pumps, Inc. |
| Judith Yavitz, Esq.<br>Reed Smith LLP<br>599 Lexington Avenue<br>New York, New York 10022 | Counsel for, CertainTeed Corp. |
| Lawrence McGivney, Esq.<br>McGivney, Kluger & Gannon, P.C.<br>80 Broad Street – 23rd Fl.<br>New York, New York 10004 | Counsel for Aurora Pump Co., The Fairbanks, Co., and Patterson Pump |
| Michael Waller, Esq.<br>Kirkpatrick, Lochard, Nicholson & Graham LLP<br>One Newark Center, 10th Floor<br>Newark, New Jersey 07102 | Counsel for Crane Co. and Jenkins Valves, Inc. |
| William Mueller, Esq.<br>Clemente, Dickson & Mueller<br>218 Ridgedale Avenue<br>Morristown, New Jersey 07961 | Counsel for Durabla Manufacturing Company |
| Lisa Pascarella, Esq.<br>Pehlivanian Braaten & Pascarella, LLC<br>2430 Route 34<br>Manasquan, New Jersey 08736 | Counsel for Ingersoll-Rand Co. |
| Joseph Colao, Esq.<br>Leader & Berkon<br>630 Third Avenue, 17th Floor<br>New York, New York 10017 | Counsel IMO Industries |
| John J. Fanning, Esq.<br>Cullen & Dykman<br>177 Montague Street<br>Brooklyn, New York 11201 | Counsel for Goulds Pumps, Inc. |
| Paul A. Scrudato, Esq.<br>Schiff Hardin & Waite | Counsel for Owens-Illinois, Inc. |

| | |
|---|---|
| 623 Fifth Avenue, Suite 2800<br>New York, New York 10022 | |
| Linda Yassky, Esq.<br>Sonnenschein Nath & Rosenthal<br>1221 Avenue of the Americas<br>New York, New York 10020 | Counsel for Rapid American Corporation |
| Anna DiLonardo, Esq.<br>Weiner Lesniak, LLP<br>888 Veteran's Memorial Highway, Suite 540<br>Hauppauge, New York 11788 | Counsel for BMCE, Inc. f/k/a United Centrifugal Pump |
| John A. Smyth, III, Esq.<br>Maynard, Cooper & Gale, P.C.<br>1901 Sixth Aven North<br>Birmingham, AL 35203 | Counsel for Kennedy Valve Manufacturing Co., Inc. |

NJ/208960v1

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510 www.aslegal.com

*Index No.*     **08-cv-4684 (CM)**     *Year 20*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

~~IN RE: NEW YORK CITY ASBESTOS LITIGATION~~

**LEON N. TERRANO,**

**Plaintiffs,**

**- against -**

**FOSTER WHEELER LLC, et al.,**

**Defendants.**

**PLAINTIFF'S AFFIRMATION IN**
**SUPPORT OF HIS MOTION TO REMAND**

WEITZ & LUXENBERG, P.C.

*Attorneys for*

**Plaintiff**

180 Maiden Lane
New York, NY 10038
(212) 558-5500

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:*...............................     Signature............................................

                           Print Signer's Name..........................................

*Service of a copy of the within*                *is hereby admitted.*

*Dated:*

                         *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ **NOTICE OF ENTRY**
     *that the within is a (certified) true copy of a*
     *entered in the office of the clerk of the within named Court on*        *20*

☐ **NOTICE OF SETTLEMENT**
     *that an Order of which the within is a true copy will be presented for settlement to the*
     *Hon.*                    *one of the judges of the within named Court,*
     *at*
     *on*             *20*      *, at*          *M.*

Check Applicable Box

*Dated:*

WEITZ & LUXENBERG, P.C.

*Attorneys for*

180 Maiden Lane
New York, NY 10038

*To:*