SR 8832

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re: NEW YORK CITY ASBESTOS LITIGATION
-----------------------------------------------------------------x

LEON N. TERRANO,

                        Plaintiff,            Civil Action No. 08-CV-4684 (CM)

   - against -

FOSTER WHEELER LLC, et al.,

                        Defendants.

-----------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN**
**SUPPORT OF HIS MOTION TO REMAND**

WEITZ & LUXENBERG, P.C.
Attorneys for Plaintiff
180 Maiden Lane, 17th Floor
New York, N.Y. 10038

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF PROCEEDINGS | 2 |
| ARGUMENT | 4 |
| I. FOSTER WHEELER HAS NOT PRESENTED SUFFICIENT EVIDENCE THAT IT TIMELY FILED ITS NOTICE OF REMOVAL THIRTY DAYS AFTER IT WAS FIRST ABLE TO ASCERTAIN FROM AN "OTHER PAPER" THAT THIS CASE COULD BE REMOVED TO FEDERAL COURT | 4 |
| II. ALTERNATIVELY, SINCE FOSTER WHEELER INTENDS TO WITHDRAW ITS REMOVAL PAPERS, ANOTHER DEFENDANT CANNOT JOIN IN THIS REMOVAL UNLESS IT SHOWS THAT IF IT HAD FILED A NOTICE OF REMOVAL ON THE SAME DATE AS FOSTER WHEELER, ITS REMOVAL WOULD HAVE BEEN TIMELY | 7 |
| CONCLUSION | 9 |

# TABLE OF AUTHORITIES

Page(s)

## CASES

Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527 (6th Cir. 1999) .................................. 8

California Public Employees' Retirement System v. WorldCom, Inc.,
  368 F.3d 86 (2d Cir. 2004) ................................................................................................. 4

Codapro Corp. v. Wilson, 997 F. Supp. 322 (E.D.N.Y. 1998) .................................................. 5

Fernandez v. Hale Trailer Brake & Wheel, 332 F. Supp. 2d 621 (S.D.N.Y. 2004) ..................... 8

Gibson v. Atlandtic Coast Line R. Co., 299 F. Supp. 268 (S.D.N.Y. 1969) ............................... 5

Glatzer v. Hanley, 2007 WL 1334971 (S.D.N.Y. May 8, 2007) ................................................ 8

Green v. Clark Refining & Marketing, Inc., 972 F. Supp. 423 (E.D. Mich. 1997) ..................... 5

Grimo v. Blue Cross/Blue Shield of Vermont, 34 F.3d 148 (2d Cir. 1994) ............................... 4

In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation,
  399 F. Supp. 2d 356 (S.D.N.Y. 2005) ................................................................................. 5

Maldonado v. Gold, 2000 WL 281651 (S.D.N.Y. March 15, 2000) .......................................... 5

Morano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753
  (8th Cir. 2001) ................................................................................................................... 8

Pacente v. State University of New York at Buffalo, 362 F. Supp. 2d 383
  (W.D.N.Y. 2004) ................................................................................................................ 8

Payne v. Overhead Door Corp., 172 F. Supp. 2d 475 (S.D.N.Y. 2001) .................................... 4

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868 (1941) ................................. 4

Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043 (2d Cir. 1991) .................................... 4-5

Stack v. Strang, 191 F.2d 106 (2d Cir. 1951) ............................................................................ 5

## STATUTES AND RULES

| | Page(s) |
|---|---|
| 18 U.S.C. §1446 | passim |
| Federal Rule of Civil Procedure 6 | 6-7 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re: NEW YORK CITY ASBESTOS   LITIGATION
------------------------------------------------------------------x

LEON N. TERRANO,

                            Plaintiffs,

                                                                 Civil Action No. 08-CV-4684 (CM)

- against -

FOSTER WHEELER LLC, et al.,

                            Defendants.

------------------------------------------------------------------x

## PRELIMINARY STATEMENT

Plaintiff Leon N. Terrano respectfully submits this Memorandum of Law in support of his motion to remand this case to New York Supreme Court, after its untimely removal by Defendant Foster Wheeler LLC.  For Foster Wheeler has not presented sufficient evidence to support its contention that it filed its notice of removal in this Court within 30 days after the date that its counsel first were able to ascertain that the case was removable under the federal officer removal statute, as required in 28 U.S.C. §1446(b).  Alternatively, even if Foster Wheeler's removal papers are found to be filed timely, it has requested that they be withdrawn.  Accordingly, another Defendant should not be allowed to join in and pursue this removal unless it demonstrates that if it had filed a notice of removal in this Court on the same day as Foster Wheeler's was filed, it would have been timely under the removal statute.

1

## STATEMENT OF PROCEEDINGS

On or about April 8, 2008, Plaintiff filed in New York Supreme Court, County of New York, a summons and complaint, with Index No. 105079-08, against Foster Wheeler and several other defendants, alleging that his personal injuries were caused by his exposures to asbestos-containing products and related equipment.

On April 10, 2008, Plaintiff's counsel sent, by first class mail, envelopes with a cover letter of the same date, his Summons and Complaint and Responses to Interrogatories, addressed to all counsel, including both counsel for Foster Wheeler – (1) Michael A. Tanenbaum, Esq., Sedgwick, Detert, Moran & Arnold LLP, Three Gateway Center, 12th Floor, Newark, NJ 07102-5311; and (2) Dave Speziali, Esq., Speziali, Greenwald & Hawkins, P.C., P.O. Box 1086, 1981 Winflow Road, Williamstown, NJ 08094. (A copy of Plaintiff's mailing consisting of a Weitz & Luxenberg cover letter, dated April 10, 2008, enclosing Responses To Defendant's Fourth Amended Standard Set of Interrogatories and Request For Production of Documents, dated April 10, 2008, the Summons and Complaint, and Service Rider is appended to the Affirmation of Stephen J. Riegel, dated June 2, 2008 ("Riegel Aff.") at Exhibit 1.)

In Interrogatory Response No. 17A, Plaintiff states that "he was exposed to a variety of different asbestos products, during his employment as an . . . Boilertender," including "products manufactured by, or insulation used on equipment manufactured by" defendants named in the lawsuit. Id., Responses To Interrogatories at p. 15. In the "Employer/Jobsite History for Leon Terrano" chart, attached as Exhibit A to his Interrogatory Responses, there is an entry for his employment as a "Boilertender" with the Navy, from 1947-1952, and four specific Navy ships he

served upon: "USS Tolovana (AO-64), USS Neches (AO-47), PF 70 (USS Evansville), DE 534 USS Silverstein." Id. at p. 28.

On May 19, 2008, Defendant Foster Wheeler filed its Notice of Removal of Plaintiff's case with the Clerk of this Court. (A copy of Foster Wheeler LLC's Notice of Removal, dated May 19, 2008, without Exhibits, is appended to the Riegel Aff. at Exhibit 2.) Its Notice admits that the Plaintiff's Responses to Interrogatories first put Foster Wheeler on notice that this case was removable because they included "allegations that plaintiff was exposed to asbestos while in the United States Navy and aboard Navy Ships between 1947 and 1952" and specifically "of exposure while working as a boilertender aboard the USS Tolovana." Id. at ¶2.

Foster Wheeler's Notice contends that it is "timely filed" under 28 U.S.C. §1446(b) "in that it is filed within thirty (30) days after the first receipt by Foster Wheeler of 'other paper' from which it ascertained that this case is removable." Id. at ¶3 (emphasis added). It further states that Plaintiff's Interrogatory Responses "were received on April 18, 2008." Id. at ¶2. As support for this statement, it cites to Exhibit B to Foster Wheeler's Notice of Removal, which is a copy of Plaintiff's counsel's April 10 cover letter, with enclosed documents including Plaintiff's Interrogatory Responses, with a generic stamp "RECEIVED APR 18, 2008" appearing in its upper right corner. (A copy of the cover letter is appended to the Riegel Aff. at Exhibit 3.) It is unclear from this stamp which of Foster Wheeler's two New Jersey counsel received the this mail more than a week after it was mailed from Manhattan, and when its other law firm received the mail.

One day after Foster Wheeler filed its notice of removal in this Court, it submitted a letter to Your Honor, dated May 20, 2008, delivered by hand, which explained that it had reached an

3

agreement to settle the case with Plaintiff, and advised "the Court that we wish to withdraw Foster Wheeler's Notice of Removal." (A copy of which is appended to the Riegel Aff. at Exhibit 4.)

## ARGUMENT

### I.

### FOSTER WHEELER HAS NOT PRESENTED SUFFICIENT EVIDENCE THAT IT TIMELY FILED ITS NOTICE OF REMOVAL THIRTY DAYS AFTER IT FIRST WAS ABLE TO ASCERTAIN FROM AN "OTHER PAPER" THAT THIS CASE COULD BE REMOVED TO FEDERAL COURT

It is well-established that "the defendant bears the burden of demonstrating the propriety of removal." California Public Employees' Retirement System v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (quoting Grimo v. Blue Cross/Blue Shield of Vermont, 34 F.3d 148, 151 (2d Cir. 1994)). A right to remove a state court action to federal court must "be invoked in strict conformity with statutory requirements," and "federal courts construe the removal statute narrowly, resolving any doubts against removability." Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872 (1941)). The rationale for the strict construction of federal removal statutes is "the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments." Somlyo, 932 F.2d at 1045; see also Payne v. Overhead Door Corp., 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001).

The statutory time limitations for filing of a notice of removal in federal court are set forth in 28 U.S.C. §1446(b):

The notice of removal of a civil action or proceeding shall be filed within

> thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

As the Second Circuit has stated, "federal courts rigorously enforce the statute's thirty-day filing requirement." Samlyo, 932 F.2d at 1046; see also In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 399 F. Supp. 2d 356, 364 (S.D.N.Y. 2005). Therefore, the removing party must "demonstrate the necessary compliance with the statutory removal requirements." Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (E.D.N.Y. 1998). Federal courts have remanded cases where a defendant has filed its removal papers only days beyond the 30-day period set forth in 28 U.S.C. §1446(b). See Stack v. Strang, 191 F.2d 106, 108 (2d Cir. 1951) (applying predecessor statute to §1446(b) with 20-day limitation); Maldonado v. Gold, 2000 WL 281651 at *1 (S.D.N.Y. March 15, 2000); Green v. Clark Refining & Marketing, Inc., 972 F. Supp. 423, 426 (E.D. Mich. 1997); Cohen v. Reed, 868 F. Supp. 489, 495 (E.D.N.Y. 1994); Gibson v. Atlandtic Coast Line R. Co., 299 F. Supp. 268, 269 (S.D.N.Y. 1969).

Here there is no dispute as to what constitutes the "other paper from which it may first be ascertained that the case is one which is or has become removable." Plaintiff and Foster Wheeler agree that the relevant paper is Plaintiff's Interrogatory Responses. Rather, what is at issue is when there was first "receipt by the defendant" of the paper, which starts the 30-day period in which the defendant must file its notice of removal.

In its Notice of Removal, Foster Wheeler states that it received Plaintiff's mailing on

5

April 18, 2008, which is eight days after the envelope was mailed from Plaintiff's counsel's firm in downtown Manhattan. Riegel Aff., Exh. 2, ¶2. Moreover, two envelopes were sent, one addressed to each of Foster Wheeler's two law firms appearing on the Service Rider in this case, both of which are located in New Jersey, and one in Newark, N.J., just a few miles from Plaintiff's firm. See Riegel Aff., Exh. 1, Leon W. Terrano Service Rider at p. 2 (at end of Exhibit).

Because of the eight-day delay before Foster Wheeler's counsel claims to have first received Plaintiff's Interrogatory Responses, Plaintiff submits that Foster Wheeler has not provided sufficient evidence that the earliest either of its law firms received the mailing was on April 18, eight days after it was mailed. Exhibit B to the Notice of Removal only contains a single copy of Plaintiff's counsel's April 10 cover letter and the enclosed documents, and the cover letter has a generic "RECEIVED" stamp with the date "APR 18 2008" at the top. It is impossible to tell from this exhibit which of Foster Wheeler's two New Jersey law firms received and stamped this copy, or when the other firm received the copy mailed to it.

To put this mail delay in some perspective, Federal Rule of Civil Procedure 6, which provides for "computing any period of time prescribed or allowed by these rules . . . or by applicable statute," states that "[w]henever a party must or may act within a prescribed period after service and service is made [by mailing papers to the person's last known address], 3 days are added after the prescribed period would otherwise expire . . . ." Fed. R. Civ. Pro. 6(a) & (e). Applying the Rule 6(e) time computation here, it would be presumed that the mailing of Plaintiff's Interrogatory Responses on April 10, would be received on April 15, three days before Foster Wheeler states it first received it. Moreover, while Rule 6 applies to mail anywhere

6

within the United States, the mail here went between contiguous states.

At the least, under these circumstances, Foster Wheeler should be required to present evidence of the specific dates when each of its law firms received Plaintiff's mailing the enclosed his Interrogatory Responses.

## II.

**ALTERNATIVELY, SINCE FOSTER WHEELER INTENDS TO WITHDRAW ITS REMOVAL PAPERS, ANOTHER DEFENDANT CANNOT JOIN IN THIS REMOVAL UNLESS IT SHOWS THAT IF IT HAD FILED A NOTICE OF REMOVAL ON THE SAME DATE AS FOSTER WHEELER, ITS REMOVAL WOULD HAVE BEEN TIMELY**

Even if Foster Wheeler's Notice of Removal is determined to have been timely filed, it has requested by letter to the Court, dated May 20, 2008, one day after its removal was filed, to voluntarily withdraw its Notice of Removal. See Riegel Aff., Exh. 4. Accordingly, if any other Defendant does not consent to Foster Wheeler's voluntary withdrawal and wants to step into its shoes to pursue this removal, that Defendant must show that it itself satisfies the time limitations of 28 U.S.C. §1446(b).

Decisions of courts in this Circuit and elsewhere have addressed an analogous issue of when the 30-day period in the removal statute begins to run if a complaint is served on several defendants on different days.[1] This Court and others have adopted the "'removing defendant' rule" that "each defendant has thirty days from the date of service to remove, regardless of when or if previously served defendants had filed such notices [or removal]." Glatzer v. Hanley, 2007 WL 1334971, at *2-3 (S.D.N.Y. May 8, 2007); see also Morano Enterprises of Kansas v. Z-Teca

---

[1] In fact, copies of Plaintiff's Summons and Complaint were actually enclosed together with Plaintiff's Interrogatory Responses in the same envelope mailed to Defendants' counsel.

7

Restaurants, L.P., 254 F.3d 753, 756-57 (8th Cir. 2001); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 532-33 (6th Cir. 1999); Fernandez v. Hale Trailer Brake & Wheel, 332 F. Supp. 2d 621, 623-24 (S.D.N.Y. 2004); Pacente v. State University of New York at Buffalo, 362 F. Supp. 2d 383 (W.D.N.Y. 2004).

Likewise, in a case like this one where there are several defendants who received at different times the "other paper" from which removal was ascertainable, the 30-day period for removal under §1446(b) should run from when that defendant received that paper. In order not to consent to the withdrawal of Foster Wheeler's removal, a Defendant here must show that the date of Foster Wheeler's filing for removal – May 19, 2008 – was within 30 days of the Defendant's receipt of Plaintiff's Interrogatory Responses. In other words, if a Defendant received Plaintiff's Responses in the mail on April 13th, then its time to file removal papers under 28 U.S.C. §1446(b) would have expired before May 19th, and it would be time-barred from joining in and pursuing Foster Wheeler's removal.

To hold otherwise would unfairly give such Defendant a second opportunity to remove this case simply because of Foster Wheeler's subsequent filing of removal papers after its own time to remove the case under 28 U.S.C. §1446(b) had already run. Because of the law discussed previously that the federal removal statutes are to be strictly construed against removal and in favor of remand to state court, such a double-bite at the apple should not be permitted.

## CONCLUSION

For the reasons presented here, Plaintiff's motion to remand this case to New York state court because it was not timely removed by Foster Wheeler, or alternatively, by any of the other Defendants, should be granted.

Dated:  New York, N.Y.
        June 2, 2008

                                    Respectfully submitted,

                                    **WEITZ & LUXENBERG, P.C.**
                                    Attorneys for Plaintiff
                                    180 Maiden Lane, 17th Fl.
                                    New York, N.Y. 10038

                            By:  _____
                                    Stephen J. Riegel (SR-8832)
                                    (212) 558-5838

9